

U.S. Department of Justice
*United States Attorney*
*District of New Jersey*

| | |
|---|---|
| PHILIP R. SELLINGER | CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE    856/757-5026 |
| *United States Attorney* | *401 Market Street, 4th Floor*                      Fax: 856/968-4917 |
| | *Post Office Box 2098*                        Direct Dial: 856/968-4869 |
| JEFFREY B. BENDER | *Camden New Jersey 08101-2098* |
| *Assistant United States Attorney* | |

March 11, 2024

Judge Karen M. Williams
United States District Judge
Mitchell H. Cohen Federal Courthouse
One John F. Gerry Plaza, Fourth & Cooper Streets
Camden, New Jersey 08101

      Re:   <u>United States v. Bolaji and Isiaka Bolarinwa</u>
            Crim. No. 22-123 (KMW)

Dear Judge Williams:

     Enclosed please find the parties' proposed jury instructions. Counsel for both parties have reviewed the enclosed jury instructions and consent to the Court so instructing the jury.

                   Respectfully,

                   PHILIP R. SELLINGER
                   United States Attorney

                   ***/s/ Jeffrey B. Bender***
        By:   JEFFREY B. BENDER
               Assistant United States Attorney
               ELIZABETH HUTSON
               Civil Rights Division Trial Attorney

cc:  Jeffrey Zucker, Esq. (via email)
      Robert Gamburg, Esq. (via email)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Honorable Karen M. Williams |
| v. | : | Criminal No. 22-123 |
| | : | |
| BOLAJI BOLARINWA and | : | |
| ISIAKA BOLARINWA, | : | |
| Defendants. | : | |

---

JURY INSTRUCTIONS

---

TABLE OF CONTENTS

PRELIMINARY INSTRUCTION NO. 1: ROLE OF THE JURY ................................. 1

PRELIMINARY INSTRUCTION NO. 2: CONDUCT OF THE JURY ........................ 3

PRELIMINARY INSTRUCTION NO. 3: BENCH (SIDE-BAR) CONFERENCES ... 7

PRELIMINARY INSTRUCTION NO. 4: NOTE TAKING BY JURORS ................... 8

PRELIMINARY INSTRUCTION NO. 5: QUESTIONS BY JURORS OF
WITNESSES ........................................................................................................ 11

PRELIMINARY INSTRUCTION NO. 6: DESCRIPTION OF TRIAL
PROCEEDINGS ................................................................................................... 12

PRELIMINARY INSTRUCTION NO. 7: EVIDENCE ................................................. 14

PRELIMINARY INSTRUCTION NO. 8: DIRECT AND CIRCUMSTANTIAL
EVIDENCE .......................................................................................................... 17

PRELIMINARY INSTRUCTION NO. 9: CREDIBILITY OF WITNESSES ............ 19

PRELIMINARY INSTRUCTION NO. 10: NATURE OF THE SUPERSEDING
INDICTMENT ...................................................................................................... 22

PRELIMINARY INSTRUCTION NO. 11: PRELIMINARY INSTRUCTION,
ELEMENTS OF THE OFFENSE CHARGED ................................................. 23

PRELIMINARY INSTRUCTION NO. 12: PRESUMPTION OF INNOCENCE;
BURDEN OF PROOF; REASONABLE DOUBT ............................................ 27

PRELIMINARY INSTRUCTION NO. 13: MULTIPLE DEFENDANTS CHARGED
WITH THE SAME AND DIFFERENT OFFENSES ..................................... 29

INSTRUCTION NO. 1: ROLE OF JURY ...................................................................... 30

INSTRUCTION NO. 2: THE DUTY OF THE COURT ................................................. 33

INSTRUCTION NO. 3: ROLE OF COUNSEL ................................................................ 35

INSTRUCTION NO. 4: EVIDENCE ................................................................................ 36

INSTRUCTION NO. 5: DIRECT AND CIRCUMSTANTIAL EVIDENCE .............. 39

INSTRUCTION NO. 6: CREDIBILITY OF WITNESSES ........................................... 41

INSTRUCTION NO. 7: NOT ALL EVIDENCE, NOT ALL WITNESSES NEEDED
.............................................................................................................................. 44

INSTRUCTION NO. 8: PRESUMPTION OF INNOCENCE; BURDEN OF PROOF;
REASONABLE DOUBT .................................................................................... 45

INSTRUCTION NO. 9: STIPULATIONS OF FACT [IF APPLICABLE] ................. 47

INSTRUCTION NO. 10: JUDICIAL NOTICE (F.R.E. 201) [IF APPLICABLE]...... 48

INSTRUCTION NO. 11: AUDIO/VIDEO RECORDINGS - CONSENSUAL............ 49

INSTRUCTION NO. 12: AUDIO/VIDEO RECORDINGS - TRANSCRIPTS [IF APPLICABLE].................................................................................................. 50

INSTRUCTION NO. 13: OPINION EVIDENCE (LAY WITNESSES) (F.R.E. 701) [IF APPLICABLE] ...................................................................................... 51

INSTRUCTION NO. 14: EXPERT TESTIMONY [IF APPLICABLE] ...................... 52

INSTRUCTION NO. 15: INTERVIEW OF WITNESSES ............................................ 53

INSTRUCTION NO. 16: CREDIBILITY OF WITNESSES - LAW ENFORCEMENT OFFICER .................................................................................. 54

INSTRUCTION NO. 17: IMPEACHMENT OF WITNESS - PRIOR INCONSISTENT STATEMENT FOR CREDIBILITY ONLY [IF APPLICABLE].. 55

INSTRUCTION NO. 18: IMPEACHMENT- BAD CHARACTER FOR TRUTHFULNESS (F.R.E. 608(A))  [IF APPLICABLE] .................................. 56

INSTRUCTION NO. 19: IMPEACHMENT OF WITNESS – PRIOR BAD ACTS (F.R.E. 608(b)) [IF APPLICABLE] ....................................................................... 57

INSTRUCTION NO. 20: FALSE IN ONE, FALSE IN ALL [IF APPLICABLE]...... 58

INSTRUCTION NO. 21a: DEFENDANT'S CHOICE NOT TO TESTIFY OR PRESENT EVIDENCE [IF APPLICABLE]................................................................ 59

INSTRUCTION NO. 21b: DEFENDANT'S TESTIMONY  [IF APPLICABLE] ........ 60

INSTRUCTION NO. 22: DEFENDANT'S PRIOR BAD ACTS OR CRIMES  [IF APPLICABLE] .......................................................................................................... 61

INSTRUCTION NO. 23: PRIOR STATEMENT OF NON-TESTIFYING DEFENDANT IN A MULTI-DEFENDANT TRIAL [IF APPLICABLE] .................. 63

INSTRUCTION NO. 24: DEFENDANTS CHARACTER EVIDENCE  [IF APPLICABLE] .......................................................................................................... 64

INSTRUCTION NO. 25: IMPEACHMENT OF DEFENDANT'S CHARACTER WITNESS [IF APPLICABLE]................................................................................... 65

INSTRUCTION NO. 26: NATURE OF THE SUPERSEDING INDICTMENT ....... 67

INSTRUCTION NO. 27: ON OR ABOUT ........................................................................ 68

INSTRUCTION NO. 28: SEPARATE CONSIDERATION – MULTIPLE DEFENDANTS CHARGED WITH THE SAME AND DIFFERENT OFFENSES.. 69

INSTRUCTION NO. 29: USE OF CONJUNCTIVE IN SUPERSEDING INDICTMENT ........................................................................................................... 70

INSTRUCTION NO. 30: ELEMENTS OF THE OFFENSE CHARGED FOR COUNTS ONE AND TWO: FORCED LABOR (18 U.S.C. § 1589(a)) ........................ 71

INSTRUCTION NO. 31: ELEMENTS OF THE OFFENSE CHARGED FOR COUNTS THREE AND FOUR: PARTICIPATION IN A FORCED LABOR VENTURE (18 U.S.C. § 1589(b)) ........................................................ 82

INSTRUCTION NO. 32: ELEMENTS OF THE OFFENSE CHARGED FOR COUNTS FIVEAND SIX: HARBORING AN ALIEN FOR FINANCIAL GAIN (8 U.S.C. §§ 1324(a)(l)(A)(iii) AND 1324(a)(l)(B)(i)) ............................................. 87

INSTRUCTION NO. 33: LESSER INCLUDED OFFENSES ..................................... 90

INSTRUCTION NO. 34: ELEMENTS OF THE OFFENSE CHARGED FOR COUNTS SEVEN AND EIGHT: UNLAWFUL CONDUCT WITH RESPECT TO DOCUMENTS IN FURTHERANCE OF FORCED LABOR (18 U.S.C. § 1592) ...... 93

INSTRUCTION NO. 35: PROOF OF REQUIRED STATE OF MIND ...................... 95

INSTRUCTION NO. 36: KNOWINGLY - DEFINED .................................................. 97

INSTRUCTION NO. 37: RECKLESS DISREGARD - DEFINED ............................... 98

INSTRUCTION NO. 38: MOTIVE EXPLAINED ............................................................. 99

INSTRUCTION NO. 39: USE OF ELECTRONIC TECHNOLOGY TO CONDUCT RESEARCH OR COMMUNICATE ABOUT A CASE ................................................. 100

INSTRUCTION NO. 40: ELECTION OF FOREPERSON; UNANIMOUS VERDICT; DO NOT CONSIDER PUNISHMENT; DUTY TO DELIBERATE; COMMUNICATION WITH COURT ............................................................................... 101

INSTRUCTION NO. 41: VERDICT FORM .................................................................... 104

PRELIMINARY INSTRUCTION NO. 1: ROLE OF THE JURY[1]

Now that you have been sworn, let me tell you what your role is as jurors in this case.

Under our system of justice, the role of the jury is to find the facts of the case based on the evidence presented in the trial. You must decide the facts only from the evidence presented to you in this trial.

From the evidence that you will hear and see in court, you will decide what the facts are and then apply to those facts the law that I will give to you in my final instructions. That is how you will reach your verdict.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. Therefore, each of you has a responsibility which you cannot avoid, and you should do your best throughout the trial to fulfill this responsibility.

I play no part in finding the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or about what your verdict should be. My role is to make whatever legal decisions have to be made during the course of the trial and to explain to you the legal principles that must guide you in your decisions.

You must apply my instructions about the law. Each of the instructions is important. You must not substitute your own notion or opinion about what the law is

---

[1]    Third Circuit Model Instruction 1.02.

or ought to be. You must follow the law that I give to you, whether you agree with it or not.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

PRELIMINARY INSTRUCTION NO. 2: CONDUCT OF THE JURY[2]

The Sixth Amendment of our Constitution guarantees a trial by an impartial jury. This means that, as jurors, you must decide this case based solely on the evidence and law presented to you here in this courtroom. Until all the evidence and arguments have been presented and you begin to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you start to deliberate, you may discuss the case, the evidence, and the law as it has been presented, but only with your fellow jurors. You cannot discuss it with anyone else until you have returned a verdict and the case has come to an end. I'll now walk through some specific examples of what this means.

(1)     Keep an open mind. Do not make up your mind about the verdict until you have heard all of the evidence, and I have given final instructions about the law at the end of the trial, and you have discussed the case with your fellow jurors during your deliberations.

(2)     Do not discuss the case among yourselves until the end of the trial when you retire to the jury room to deliberate. You need to allow each juror the opportunity to keep an open mind throughout the entire trial. During trial you may talk with your fellow jurors about anything else of a personal nature or of common interest.

(3)     During the trial you should not speak to any of the parties, lawyers, or witnesses involved in this case, not even to pass the time of day. If any lawyer,

---

[2]     Third Circuit Model Instruction 1.03.

3

party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you either.

(4)     Do not talk with anyone else or listen to others talk about this case until the trial has ended and you have been discharged as jurors. It is important not only that you do justice in this case, but that you give the appearance of justice. If anyone should try to talk to you about the case during the trial, please report that to me, through my courtroom deputy, immediately. Do not discuss this situation with any other juror.

(5)     Do not discuss the case with anyone outside the courtroom or at home, including your family and friends. You may tell your family or friends that you have been selected as a juror in a case and you may tell them how long the trial is expected to last. However, you should also tell them that the judge instructed you not to talk any more about the case and that they should not talk to you about it. The reason for this is that sometimes someone else's thoughts can influence you. Your thinking should be influenced only by what you learn in the courtroom.

(6)     Until the trial is over and your verdict is announced, do not watch or listen to any television or radio news programs or reports about the case, or read any news or internet stories or articles about the case, or about anyone involved with it.

(7)     Do not use a computer, cellular phone, other electronic devices or tools of

4

technology while in the courtroom or during deliberations. These devices may be used during breaks or recesses for personal uses, but may not be used to obtain or disclose information about this case. You may not communicate with anyone about the case on your cell phone, through e-mail, iPhone, text messaging, or on X (formerly Twitter), through any blog or website, through any internet chat room, or by way of any other social networking websites, including Google+, Facebook, LinkedIn, Instagram, SnapChat, and YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it.

(8)    Do not do any research or make any investigation on your own about any matters relating to this case or this type of case.  This means, for example, that you must not visit the scene, conduct experiments, consult reference works or dictionaries, or search the internet, websites or blogs for additional information, or use a computer, cellular phone, or other electronic devices or tools of technology, or any other method, to obtain information about this case, this type of case, the parties in this case, or anyone else involved in this case. Please do not try to find out information from any source outside the confines of this courtroom. You must decide this case based only on the evidence presented in the courtroom and my instructions about the law.  It would be improper for you to try to supplement that information on your own.

(9)    You should not concern yourselves with or consider the possible punishment that might be imposed if you return a verdict of guilty.

(10)    Finally, if any member of the jury has a friend or family member who is in attendance at this public trial, that visitor must first register with my Clerk because special rules will govern their attendance. You may not discuss any aspect of this trial with the visitor, nor may you permit the visitor to discuss it with you.

PRELIMINARY INSTRUCTION NO. 3: BENCH (SIDE-BAR) CONFERENCES[3]

During the trial it may be necessary for me to talk with the lawyers out of your hearing. That is called a bench or side-bar conference. If that happens, please be patient. We also ask that you advise me, through my courtroom deputy, if you are able to hear any of the bench or side-bar conferences, because the purpose is to hold these discussions outside the hearing of the jury, for important reasons.

I know you may be curious about what we are discussing. We are not trying to keep important information from you. These conferences are necessary for me to discuss with the lawyers objections to evidence and to be sure that evidence is presented to you correctly under the rules of evidence. We will, of course, do what we can to keep the number and length of these conferences to a minimum. If I think the conference will be long, I will call a recess.

I may not always grant a lawyer's request for a conference. Do not consider my granting or denying a request for a conference as suggesting my opinion of the case or of what your verdict should be.

---

[3]    Third Circuit Model Instruction 1.04.

PRELIMINARY INSTRUCTION NO. 4: NOTE TAKING BY JURORS[4]

*Option 1:*

At the end of the trial you must make your decision based on what you remember of the evidence. You will not have a written transcript of the testimony to review. You must pay close attention to the testimony as it is given.

If you wish, you may take notes to help you remember what witnesses said. My courtroom deputy will arrange for pens, pencils, and paper. If you do take notes, please keep them to yourself until the end of trial when you and your fellow jurors go to the jury room to decide the case. Here are some other specific points to keep in mind about note taking:

(1)   Note-taking is permitted, but it is not required. You are not required to take notes.

How many notes you want to take, if any, is entirely up to you.

(2)   Please make sure that note-taking does not distract you from your tasks as jurors.

You must listen to all the testimony of each witness. You also need to decide whether and how much to believe each witness. That will require you to watch the appearance, behavior, and manner of each witness while he or she is testifying. You cannot write down everything that is said and there is always a fear that a juror will focus so much on note-taking that he or she will miss the opportunity to make important observations.

---

[4]   Third Circuit Model Instruction 1.05.

(3)     Your notes are memory aids; they are not evidence. Notes are not a record or written transcript of the trial. Whether or not you take notes, you will need to rely on your own memory of what was said. Notes are only to assist your memory; you should not be overly influenced by notes.

(4)     In your deliberations, do not give any more or less weight to the views of a fellow juror just because that juror did or did not take notes. Do not assume that just because something is in someone's notes that it necessarily took place in court. It is just as easy to write something down incorrectly as it is to hear or remember it incorrectly. Notes are not entitled to any greater weight than each jurors independent memory of the evidence. You should rely on your individual and collective memories when you deliberate and reach your verdict.

(5)     You should not take your notes away from court. [*Here the judge should describe the logistics of storing and securing jurors notes during recesses and at the end of the court day. For example, jurors may be told to put their notes in an envelope provided for that purpose at the beginning of each recess and at the end of the day. The jurors could be told to leave the envelope containing the notes on their chairs. The judges courtroom staff could collect the notes and place them in a locked drawer at the end of each day or the jurors might be told to leave their notes in the jury room at the end of the day.*]

My staff is responsible for making sure that no one looks at your notes. Immediately after you have finished your deliberations and I have accepted your verdict, my staff will collect and destroy your notes, to protect the secrecy of your

9

deliberations.

*Option 2:*

At the end of the trial you must make your decision based on what you remember of the evidence. Although we have a court reporter here, you will not have a written transcript of the testimony to review during your deliberations. You must pay close attention to the testimony as it is given.

You may not take notes during the course of the trial. There are several reasons for this. It is difficult to take notes and, at the same time, pay attention to what a witness is saying and to the witness appearance, behavior, and manner while testifying. One of the reasons for having a number of persons on the jury is to gain the advantage of your individual and collective memories so that you can then deliberate together at the end of the trial and reach agreement on the facts. While some of you might feel comfortable taking notes, other members of the jury may not feel as comfortable and may not wish to do so. Notes might be given too much weight over memories, especially the memories of those who do not take notes. So, for those reasons, you may not take notes during this trial.

PRELIMINARY INSTRUCTION NO. 5: QUESTIONS BY JURORS OF WITNESSES[5]

Only the lawyers and I are allowed to ask questions of witnesses. You are not permitted to ask questions of witnesses. *[The specific reasons for not allowing jurors to ask questions may be explained.]* If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

---

[5]    Third Circuit Model Instruction 1.06.

## PRELIMINARY INSTRUCTION NO. 6: DESCRIPTION OF TRIAL PROCEEDINGS[6]

The trial will proceed in the following manner:

First: The lawyers will have an opportunity to make opening statements to you. The prosecutor may make an opening statement at the beginning of the case. The defendants' lawyers may make opening statements after the prosecutor's opening statement or the defendants may postpone the making of an opening statement until after the Government finishes presenting its evidence. The defendants are not required to make an opening statement.

The opening statements are simply an outline to help you understand what each party expects the evidence to show. What is said in the opening statements is not itself evidence.

Second: After opening statements, the Government will introduce the evidence that it thinks proves the charges stated in the Superseding Indictment. The Government will present witnesses and the defendants' lawyers may cross-examine those witnesses. The Government may also offer documents and other exhibits into evidence.

Third: After the Government has presented its evidence, the defendants may present evidence, but they are not required to do so. As I will tell you many times during this trial, the Government always has the burden or obligation to prove each and every element of the offenses charged beyond a reasonable doubt.  The defendants

---

[6]    Third Circuit Model Instruction 1.07.

are presumed to be innocent of the charges. The law never imposes on defendants in a criminal case the burden of proving their innocence by calling any witnesses, producing any exhibits, or introducing any evidence.

Fourth: After you have heard the all the evidence, I will give you orally *[and in writing]* the final instructions concerning the law that you must apply to the evidence presented during the trial. As I am doing now, I may also give you instructions on certain aspects of the law throughout the trial, as well as at the end of the trial.

Fifth: After I instruct you on the law, the lawyers will have the opportunity to present closing arguments. Closing arguments are designed to present to you the parties' theories about what the evidence has shown and what conclusions may be drawn from the evidence. What is said in closing arguments is not evidence, just as what is said in the opening statements is not evidence.

Sixth: After my final instructions on the law, you will retire to consider your verdict. Your deliberations are secret. You will not be required to explain your verdict to anyone. Your verdict must be unanimous; all twelve of you must agree to it.

You must keep your minds open during this trial. Do not make up your mind about any of the questions in this case until you have heard each piece of evidence and all of the law which you must apply to that evidence; in other words, until you begin your deliberations.

PRELIMINARY INSTRUCTION NO. 7: EVIDENCE[7]

You must make your decision in this case based only on the evidence that you

see and hear in the courtroom. Do not let rumors, suspicions, or anything else that

you may see or hear outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1)    The testimony of the witnesses;

(2)    Documents and other things received as exhibits; and

(3)    Any fact or testimony that is stipulated; that is, formally agreed to by the

parties.

The following are not evidence:

(1)    Statements and arguments of the lawyers for the parties in this case;

(2)    Questions by the lawyers and questions that I might ask. You must not assume

       that a fact is true just because one of the lawyers or I ask a question about it.

       It is the witness answers that are evidence. Of course, you may need to consider

       the question to know what a witness means by his or her answer. For example,

       if a witness answers yes to a question, you will have to consider the question to

       understand what the witness is saying.

(3)    Objections by lawyers, including objections in which the lawyers state facts;

(4)    Any testimony I strike or tell you to disregard; and

(5)    Anything you may see or hear about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in

---

[7]    Third Circuit Model Instruction 1.08.

light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience and common sense tell you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

The rules of evidence control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. An objection simply means that the lawyer is asking me to decide whether the evidence should be allowed under the rules. Lawyers have a responsibility to their clients to make objections when they think evidence being offered is improper under the rules of evidence. You should not be influenced by the fact that an objection is made.

You should also not be influenced by my rulings on objections to evidence. If I overrule an objection, the question may be answered or the exhibit may be received as evidence, and you should treat the testimony or exhibit like any other. I may allow evidence (testimony or exhibits) only for a limited purpose. If I do that, I will instruct you to consider the evidence only for that limited purpose, and you must follow that instruction.

If I sustain an objection, the question will not be answered or the exhibit will not be received as evidence. Whenever I sustain an objection, you must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer

15

objects or before I rule on the objection. If that happens and if I sustain the objection, you should disregard the answer that was given.

Also, I may order that some testimony or other evidence be stricken or removed from the record. If I do that, I will instruct you to disregard that evidence. That means, when you are deciding the case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may call your attention to certain facts or factual conclusions that they think are important, what the lawyers say is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision. Also, do not assume from anything I do or say during the trial that I have any opinion about the evidence or about any of the issues in this case or about what your verdict should be.

PRELIMINARY INSTRUCTION NO. 8: DIRECT AND CIRCUMSTANTIAL
EVIDENCE[8]

Two types of evidence may be used in this trial, direct evidence and
circumstantial (or indirect) evidence. You may use both types of evidence in reaching
your verdict.

Direct evidence is simply evidence which, if believed, directly proves a fact. An
example of "direct evidence" occurs when a witness testifies about something the
witness knows from his or her own senses something the witness has seen, touched,
heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a
fact. It is evidence that proves one or more facts from which you could find or infer
the existence of some other fact or facts. An inference is simply a deduction or
conclusion that reason, experience, and common sense lead you to make from the
evidence. An inference is not a suspicion or a guess. It is a reasoned, logical decision
to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and
carrying a wet umbrella, that would be circumstantial or indirect evidence from which
you could find or conclude that it was raining. You would not have to find that it was
raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The
Government may ask you to draw one inference, and the defense may ask you to draw

---

[8]    Third Circuit Model Instruction 1.09.

17

another. You, and you alone, must decide what inferences you will draw based on all the evidence.

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

PRELIMINARY INSTRUCTION NO. 9: CREDIBILITY OF WITNESSES[9]

In deciding what the facts are, you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses.

Credibility refers to whether a witness is worthy of belief: Is the witness truthful? Is the witness testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gives, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1)    The opportunity and ability of the witness to see or hear or know the things about which the witness testifies;

(2)    The quality of the witness's knowledge, understanding, and memory;

(3)    The witness's appearance, behavior, and manner while testifying;

(4)    Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5)    Any relation the witness may have with a party in the case and any effect that

---

[9]    Third Circuit Model Instruction 1.10.

19

the verdict may have on the witness;

(6)     Whether the witness said or wrote anything before trial that is different from the witness's testimony in court;

(7)     Whether the witness's testimony is consistent or inconsistent with other evidence that you believe *[alternative: how believable the witness's testimony is when considered with other evidence that you believe]*; and

(8)     Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness's testimony or between the testimony of different witnesses may or may not cause you to disbelieve that witness's testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should consider whether it is about a matter of importance or an insignificant detail. You should also consider whether the inconsistency is innocent or intentional.

You are not required to accept testimony even if the testimony is not contradicted and the witness is not impeached. You may decide that the testimony is not worthy of belief because of the witness's bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness's testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important than numbers is how believable the witnesses are and how much weight you think their testimony deserves.

PRELIMINARY INSTRUCTION NO. 10: NATURE OF THE SUPERSEDING INDICTMENT[10]

The Government has charged defendants Bolaji Bolarinwa and Isiaka Bolarinwa with violating federal law, specifically both defendants are charged with two counts of forced labor, in violation of 18 U.S.C. § 1589, both defendants are charged with two counts of alien harboring for financial gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii) and (B)(i), and defendant Bolaji Bolarinwa is charged with unlawful conduct with respect to documents in furtherance of forced labor, in violation of 18 U.S.C. § 1592.  The charges against the defendants are contained in the Superseding Indictment.

A Superseding Indictment is just the formal way of specifying the exact crimes the defendant is accused of committing. A Superseding Indictment is simply a description of the charge or charges against a defendant. It is an accusation only. A Superseding Indictment is not evidence of anything, and you should not give any weight to the fact that the defendants has been indicted in making your decision in this case.

---

[10]    Third Circuit Model Instruction 1.11.

PRELIMINARY INSTRUCTION NO. 11: PRELIMINARY INSTRUCTION,
ELEMENTS OF THE OFFENSE CHARGED[11]

To help you follow the evidence, I will now give you a brief summary of the elements of the charged crimes, each of which the Government must prove beyond a reasonable doubt in order to convict a defendant of the offenses charged.

**Counts One and Two** of the Superseding Indictment charge Bolaji Bolarinwa with forced labor, in violation of 18 U.S.C. § 1589(a).

The elements of this offense are:

*First*:       The defendant provided or obtained the labor or services of Victim 1 or Victim 2;

*Second*:   The defendant did so by one or more of the following means:

(a)     for Victim 2 only, by means of force or threats of force to Victim 2 or another person;

(b)     for either Victim 1 or Victim 2, by means of serious harm or threats of serious harm to that person or another person;

(c)     for either Victim 1 or Victim 2, by means of abuse or threatened abuse of law or legal process; or

(d)     for either Victim 1 or Victim 2, by means of any scheme, plan, or pattern intended to cause that person to believe that, if that person did not perform such labor or services, that person or

---

[11]     Model Third Circuit Jury Instruction 1.12 (modified with elements as set forth below)

23

another person would suffer serious harm; and

*Third*:        The defendant acted knowingly.

**Counts Three and Four** of the Superseding Indictment charge Isiaka Bolarinwa with forced labor, in violation of 18 U.S.C. § 1589(b).

The elements of this offense are:

*First*:        The defendant knowingly benefitted, financially or by receiving anything of value, from participation in a venture which provided or obtained the labor or services of Victim 1 or Victim 2;

*Second*:       The venture provided or obtained the labor or services of Victim 1 or Victim 2 by one or more of the following prohibited means:

(a)     for Victim 2 only, through force, threats of force, physical restraint, or threats of physical restraint to that person or another person;

(b)     for either Victim 1 or Victim 2, through serious harm or threats of serious harm to that person or another person;

(c)     for either Victim 1 or Victim 2, through abuse or threatened abuse of law or legal process; or

(d)     for either Victim 1 or Victim 2, through a scheme, plan, or pattern intended to cause that person to believe that failure to perform the labor or services would result in serious harm to or physical restraint against that person or another person; and

24

*Third*:        The defendant knew or recklessly disregarded the fact that the venture engaged in the providing or obtaining of labor or services of Victim 1 or Victim 2 by one or more of the prohibited means.

**Counts Five and Six** of the Superseding Indictment charge both Bolaji Bolarinwa and Isiaka Bolarinwa with alien harboring for financial gain, in violation of 8 U.S.C. §§ 1324(a)(l)(A)(iii) and 1324(a)(l)(B)(i).

The elements of this offense are:

*First*:        Victim 1 or Victim 2 was an alien during the time periods set forth in the Superseding Indictment;

*Second*:       Victim 1 or Victim 2 came to, entered, or remained in the United States in violation of law;

*Third*:        The defendant concealed, harbored, or shielded from detection Victim 1 or Victim 2 in any place within the United States;

*Fourth*:       The defendant knew or acted in reckless disregard of that fact that Victim 1 or Victim 2 entered, came to, or remained in the United States, in violation of law;

*Fifth*:        The defendant's conduct tended to substantially facilitate Victim 1 or Victim 2 remaining in the United States; and

*Sixth*:        The defendant did so for commercial advantage or private financial gain.

25

**Counts Seven and Eight** of the Superseding Indictment charge Bolaji Bolarinwa with unlawful conduct with respect to documents in furtherance of forced labor, in violation of 18 U.S.C. § 1592.

The elements of this offense are:

*First*:        The defendant concealed, removed, confiscated, or possessed an actual or purported passport, immigration document, or Government identification document of Victim 1 or Victim 2;

*Second*:    The defendant committed such act or acts either: (a) in the course of violating the forced labor statute; or (b) with the intent to violate the forced labor statute; and

*Third*:       The defendant acted knowingly.


What I have just told you is only a preliminary outline of the elements of the offense charged. At the end of trial, I will give you final instructions on the elements of the offense charged and on other matters of law. Those final instructions will be more detailed; they will guide you in reaching your verdict in this case.

PRELIMINARY INSTRUCTION NO. 12: PRESUMPTION OF INNOCENCE;
BURDEN OF PROOF; REASONABLE DOUBT[12]

The defendants, Bolaji Bolarinwa and Isiaka Bolarinwa, has pled not guilty to the offenses charged. They are presumed to be innocent. They start the trial with a clean slate, with no evidence against them. The presumption of innocence stays with the defendants unless and until the Government presents evidence that overcomes that presumption by convincing you that they are guilty of the offenses charged beyond a reasonable doubt.

The presumption of innocence requires that you find Bolaji Bolarinwa and Isiaka Bolarinwa not guilty, unless you are satisfied that the Government has proved guilt beyond a reasonable doubt. The presumption of innocence means that the defendants have no burden or obligation to present any evidence at all or to prove that they are not guilty. The burden or obligation of proof is on the Government to prove that the defendants are guilty, and this burden stays with the Government throughout the trial.

In order for you to find Bolaji Bolarinwa and Isiaka Bolarinwa guilty of the offenses charged, the Government must convince you that they are guilty beyond a reasonable doubt. That means that the Government must prove each and every element of the offense charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

---

[12]    Third Circuit Model Instruction 1.13.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture or speculation are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. A reasonable doubt means a doubt that would cause an ordinary, reasonable person to hesitate to act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, after hearing all the evidence, you are convinced that the Government has proved Bolaji Bolarinwa and Isiaka Bolarinwa guilty beyond a reasonable doubt, you should return a verdict of guilty. However, if you have a reasonable doubt as to an element of the offense, then you must return a verdict of not guilty.

PRELIMINARY INSTRUCTION NO. 13: MULTIPLE DEFENDANTS CHARGED
WITH THE SAME AND DIFFERENT OFFENSES[13]

As I just explained to you, the defendants Bolaji Bolarinwa and Isiaka Bolarinwa are both charged with more than one offense; each offense is charged in a separate count of the Superseding Indictment.  The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way.  Also, in our system of justice, guilt or innocence is personal and individual. You must separately consider the evidence against each defendant on each offense charged, and you must return a separate verdict for each defendant on each offense. For each defendant and offense, you must decide whether the Government has proved beyond a reasonable doubt that the particular defendant is guilty of the particular offense.

Your decision on any one defendant or any one offense, whether guilty or not guilty, should not influence your decision on any of the other defendants or offenses. Each defendant and each offense should be considered separately.

---

[13]    Third Circuit Model Instructions 1.16 and 1.17 (modified)

## FINAL INSTRUCTIONS

### INSTRUCTION NO. 1: ROLE OF JURY[14]

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone. I play no part in finding the facts. You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. This is a responsibility that each of you has and that you cannot avoid.

Throughout your deliberations, you may discuss with each other the evidence and the law that has been presented in this case, but you must not communicate with

---

[14]    Third Circuit Model Criminal Jury Instruction 3.01.

anyone else by any means about the case. You also cannot learn from outside sources about the case, the matters in the case, the legal issues in the case, or individuals or other entities involved in the case. This means you may not use any electronic device or media (such as a phone, computer, or tablet), the internet, any text or instant messaging service, or any social media apps (such as X (formerly known as Twitter), Facebook, Instagram, LinkedIn, YouTube, WhatsApp, and Snapchat) to research or communicate about what you've seen and heard in this courtroom.

These restrictions continue during deliberations because it is essential, under our Constitution, that you decide this case based solely on the evidence and law presented in this courtroom. Information you find on the internet or through social media might be incomplete, misleading, or inaccurate. And, as I noted in my instructions at the start of the trial, even using your smartphones, tablets, and computers - and the news and social media apps on those devices – may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom.

You are permitted to discuss the case with only your fellow jurors during deliberations because they have seen and heard the same evidence and instructions on the law that you have, and it is important that you decide this case solely on the evidence presented during the trial, without undue influence by anything or anyone outside of the courtroom. For this reason, I expect you to inform me at the earliest opportunity, should you learn about or share any information about this case outside of this courtroom or the jury room, or learn that another juror has done so.

31

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender*(, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community)*.

.

INSTRUCTION NO. 2: THE DUTY OF THE COURT[15]

In a trial of this kind the attorneys, the judge, and you, the jury, have separate duties. The primary function of the attorneys is to present the evidence and to argue their contentions, that is, what they contend that the evidence proves. The Court has the responsibility of safeguarding both the rights of the defendants and the interests of the public in the administration of justice.

It is the function of the Court, as you have observed, to preside over the trial and to see that it is conducted in accordance with established rules and principles of law. Furthermore, the Court must also make decisions on questions of law that are presented from time to time during and at the conclusion of the case. Finally, it is the Court's function to instruct you on the substantive law that is applicable to this case.

Under our system, this Court is the final arbiter of all questions of law. You, in your deliberations, must follow the law as given to you in these instructions. You are to disregard any contrary characterization that may have been given by counsel during the trial or in summations.

You are not to be concerned with the wisdom of any rule of law. Regardless of any opinion that you may hold as to what the law ought to be, you are obligated to apply the law as I now tell you. It would be a violation of your sworn duty as jurors to base your verdict upon any view of the law other than that given to you in these instructions.

---

[15]    *See* Charge of Chief U.S. District Judge Jerome B. Simandle in *United States v. Timothy Ricks*, Crim. No. 10-cr-510 (D.N.J. 2014) (Simandle, C.J.)

If during the course of this trial I asked a question of a witness, it was solely for the purpose of making clear whatever the testimony was from a witness or perhaps to clarify a question for the witness's benefit. You are not to infer from the fact that I may have asked a few questions here and there that I hold any opinion whatsoever regarding the result of this trial; in fact, I do not. Nor should you consider it any more or any less important because a question happened to be asked by me rather than by somebody else.

INSTRUCTION NO. 3: ROLE OF COUNSEL[16]

During the trial, counsel for the United States as well as for the defendants have made numerous arguments and statements before you. When attorneys do this, they are acting well within their rights and indeed living up to their obligation to represent their respective clients. Statements of counsel are for the purpose of attempting to persuade you as to their view of what the evidence has shown and, accordingly, should be regarded as arguments but not as evidence. No statement, opinion, unanswered question, or argument by a lawyer in this case is to be considered as evidence. Again, the only evidence that you may consider is that which you have seen and heard by way of the sworn testimony of witnesses, documents, and other exhibits that were received into evidence.

I further instruct you that if, during the course of this trial, in opening statements, closing arguments, or at any time, any of the attorneys here has put forth a version of the facts that does not square with your own recollection, you are to disregard counsel's version in favor of your own recollections. The attorneys function as advocates who represent the parties before you, the United States and the defendants. Your decision in this case is to be based solely on the evidence as you find it, assessed against the principles of law governing the charges as I instruct you.

I reiterate, at this point, that with regard to my instructions on the law, however, you are bound by those and must follow them.

---

[16]    *See* Charge of Chief U.S. District Judge Jerome B. Simandle in *United States v. Timothy Ricks*, Crim. No. 10-cr-510 (D.N.J. 2014) (Simandle, C.J.).

35

INSTRUCTION NO. 4: EVIDENCE[17]

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1)    The testimony of the witnesses;

(2)    Documents and other things received as exhibits; and

(3)    Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1)    The Superseding Indictment;

(2)    Statements and arguments of the lawyers or advocates for the parties in this case;

(3)    Questions by the lawyers or advocates and questions that I might have asked;

(4)    Objections, including objections in which the lawyers or advocates stated facts;

(5)    Any testimony I struck or told you to disregard; and

(6)    Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events and give it whatever weight

---

[17]    Adopted from Third Circuit Model Criminal Jury Instruction 3.02 (regarding "lawyers or advocates").

you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence. During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence. These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed

from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision in this case. Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

INSTRUCTION NO. 5: DIRECT AND CIRCUMSTANTIAL EVIDENCE[18]

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses - something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The Government may ask you to draw one inference, and the defense may ask you to draw

---

[18]     Third Circuit Model Criminal Jury Instruction 3.03.

another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

INSTRUCTION NO. 6: CREDIBILITY OF WITNESSES[19]

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1)     The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2)     The quality of the witness' knowledge, understanding, and memory;

(3)     The witness' appearance, behavior, and manner while testifying;

(4)     Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5)     Any relation the witness may have with a party in the case and any

---

[19] Third Circuit Model Criminal Jury Instruction 3.04.

41

effect the verdict may have on the witness;

(6)     Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7)     Whether the witness' testimony was consistent or inconsistent with other evidence that you believe [*alternative: how believable the witness' testimony was when considered with other evidence that you believe*];; and

(8)     Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony.  Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it

42

deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 7: NOT ALL EVIDENCE, NOT ALL WITNESSES NEEDED[20]

Although the Government is required to prove each defendant guilty beyond a reasonable doubt, the Government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. In addition, as I have explained, a defendant is not required to present any evidence or produce any witnesses.

[*In this case, the (name of defendant) [presented evidence] [produced witnesses]. (Name) is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.*]

---

[20]    Third Circuit Model Criminal Jury Instruction 3.05.

INSTRUCTION NO. 8: PRESUMPTION OF INNOCENCE; BURDEN OF PROOF;
REASONABLE DOUBT[21]

The defendants in this case pleaded not guilty to the offenses charged. The defendants are presumed to be innocent. The defendants started the trial with a clean slate with no evidence against them. The presumption of innocence stays with the defendants unless and until the Government has presented evidence that overcomes that presumption by convincing you that the defendants are guilty of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that you find the defendants not guilty, unless you are satisfied that the Government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that the defendants have no burden or obligation to present any evidence at all or to prove that they are not guilty. The burden or obligation of proof is on the Government to prove that the defendants are guilty and this burden stays with the Government throughout the trial.

In order for you to find the defendants guilty of any offense charged, the Government must convince you that they is guilty beyond a reasonable doubt as to that offense. That means that the Government must prove each and every element of the offense charged beyond a reasonable doubt. The defendants may not be convicted based on suspicion or conjecture but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt

---

[21]    Third Circuit Model Criminal Jury Instruction 3.06.

or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the Government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty for that offense.

INSTRUCTION NO. 9: STIPULATIONS OF FACT[22] **[IF APPLICABLE]**

The Government and the defendants have agreed that *[insert any other factual stipulations here]* are true.

You should therefore treat these facts as having been proved. You are not required to do so, however, since you are the sole judge of the facts.

---

[22]    Third Circuit Model Criminal Jury Instruction 4.02

INSTRUCTION NO. 10: JUDICIAL NOTICE (F.R.E. 201)[23] **[IF APPLICABLE]**

I have taken judicial notice of certain facts. [*state facts*]. I believe [*this fact is*] [*these facts are*] [*of such common knowledge*] [*can be so accurately and readily determined from* [*name accurate source*]] that [*it*] cannot reasonably be disputed. You may accept [*this fact*] as proven, but are not required to do so. As with any fact the final decision whether or not to accept it is for you to make and you are not required to agree with me.

---

[23]     Third Circuit Model Criminal Jury Instruction 4.03.

INSTRUCTION NO. 11: AUDIO/VIDEO RECORDINGS - CONSENSUAL[24]

During the trial you heard video recordings of conversations with defendant Bolaji Bolarinwa made without her knowledge. These recordings were made with the consent and agreement of Elizabeth Onyebuchi, one of the other parties to the conversations.

The use of this procedure to gather evidence is lawful and the recordings may be used by either party.

---

[24]    Third Circuit Model Criminal Jury Instruction 4.04.

INSTRUCTION NO. 12: AUDIO/VIDEO RECORDINGS - TRANSCRIPTS[25] **[IF APPLICABLE]**

You have heard video recordings that were received in evidence, and you were given written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings you must ignore the transcripts as far as those parts are concerned.

[*The transcripts name the speakers. But remember, you must decide who you actually heard speaking in the recording. The names on the transcript were used simply for your convenience.*]

---

[25]     Third Circuit Model Criminal Jury Instruction 4.06.

50

INSTRUCTION NO. 13: OPINION EVIDENCE (LAY WITNESSES) (F.R.E. 701)[26]
**[IF APPLICABLE]**

Witnesses are not generally permitted to state their personal opinions about important questions in a trial. However, a witness may be allowed to testify to his or her opinion if it is rationally based on the witness's perception and is helpful to a clear understanding of the witness's testimony or to the determination of a fact in issue.

In this case, I permitted *(name)* to offer *(his)(her)* opinion based on *(his)(her)* perceptions. The opinion of this witness should receive whatever weight you think appropriate, given all the other evidence in the case and the other factors discussed in these instructions for weighing and considering whether to believe the testimony of witnesses.

---

[26]     Third Circuit Model Criminal Jury Instruction 4.09.

INSTRUCTION NO. 14: EXPERT TESTIMONY[27] **[IF APPLICABLE]**

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from Andrea Whiting. Because of her knowledge, skill, experience, training, or education in the field of U.S. visas, the expert was permitted to offer opinions in that field and the reasons for those opinions.

The opinions these witnesses stated should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witnesses' qualifications, the reasons for the witnesses' opinions, and the reliability of the information supporting the witnesses' opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard the opinions entirely if you decide that the witnesses' opinions are not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

---

[27]    Third Circuit Model Criminal Jury Instruction 4.08.

INSTRUCTION NO. 15: INTERVIEW OF WITNESSES[28]

During the trial, you have heard testimony that attorneys for [both] the Government [and for the defendants] have interviewed witnesses who have testified to prepare for trial. No adverse inference should be drawn from that conduct. Indeed, the attorneys [on both sides] have a right, duty, and obligation to conduct those interviews, and to prepare their case as thoroughly as possible, and they might have been derelict in the performance of their duties if they had not questioned the witnesses during their preparation for this trial.

---

[28]    *See* Charge of Judge Noel Hillman in *United States v. Brodie*, Crim. No. 18-cr-162 (D.N.J. 2018) *United States v. Hoffecker*, Crim. No. 03-120 (D.N.J. 2003) (Hayden, J.); *United States v. Murray*, Crim. No. 94-80 (D.N.J. 1996) (Lifland, J.); *United States v. Boggs*, Crim. No. 76-207 (D.N.J. 1977) (Gerry, J); *see also United States v. Johnstone*, Crim. No. 95-63 (D.N.J. 1995) (Barry, J.); Seventh Circuit Pattern Jury Instructions (Criminal Cases) 1.07 ("It is proper for an attorney to interview any witness in preparation for trial."); *ABA Standards, The Prosecution Function* 3.1, Comment a (3d ed. 1993) ("It is not only proper but it may be the duty of the prosecutor and defense counsel to interview any person who may be called as a witness in the case (except that the prosecutor is not entitled to interview a defendant represented by counsel)."); *see also* Charge of Chief U.S. District Judge Jerome B. Simandle in *United States v. Timothy Ricks*, Crim. No. 10-cr-510 (D.N.J. 2014) (Simandle, C.J.).

INSTRUCTION NO. 16: CREDIBILITY OF WITNESSES - LAW ENFORCEMENT
OFFICER[29]

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness. [*At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that (his)(her) testimony may be colored by a personal or professional interest in the outcome of the case.*]

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

---

[29]    Third Circuit Model Criminal Jury Instruction 4.18.

54

INSTRUCTION NO. 17: IMPEACHMENT OF WITNESS - PRIOR
INCONSISTENT STATEMENT FOR CREDIBILITY ONLY[30] **[IF APPLICABLE]**

You have heard the testimony of certain witnesses. You have also heard that before this trial they made statements that may be different from their testimony in this trial. It is up to you to determine whether these statements were made and whether they were different from the witnesses' testimony in this trial. These earlier statements were brought to your attention only to help you decide whether to believe the witnesses' testimony here at trial. You cannot use it as proof of the truth of what the witnesses said in the earlier statements. You can only use it as one way of evaluating the witnesses' testimony in this trial.

[*You also heard evidence that (this witness)(certain witnesses) made statements before this trial that were made under oath before the grand jury) and that may be different from her testimony at trial. When a statement is made under oath before the grand jury, you may not only use it to help you decide whether you believe the witness's testimony in this trial but you may also use it as evidence of the truth of what the witness said in the earlier statement. But when a statement is not made under oath before the grand jury, you may use it only to help you decide whether you believe the witness's testimony in this trial and not as proof of the truth of what the witness said in the earlier statement.*]

---

[30]     Third Circuit Model Criminal Jury Instruction 4.22.

INSTRUCTION NO. 18: IMPEACHMENT- BAD CHARACTER FOR
TRUTHFULNESS (F.R.E. 608(A))[31]  **[IF APPLICABLE]**

<u>Reputation evidence:</u> You heard evidence concerning the reputation for truthfulness
or untruthfulness of [*NAME*]. You may consider this evidence in deciding whether or
not to believe [*NAME*]. You should give this evidence whatever weight you decide is
appropriate.


<u>Opinion evidence:</u> You heard opinion evidence concerning whether [*NAME*] is a
truthful or an untruthful person. You may consider this evidence in deciding whether
or not to believe [*NAME*]. You should give this evidence whatever weight you decide
is appropriate.

---

[31]    Third Circuit Model Criminal Jury Instruction 4.23.

INSTRUCTION NO. 19: IMPEACHMENT OF WITNESS – PRIOR BAD ACTS
(F.R.E. 608(b))[32] [**IF APPLICABLE**]

You heard evidence that (name), a witness, committed (describe bad act inquired about during cross-examination). You may consider this evidence, along with other pertinent evidence, only in deciding whether to believe (name) and how much weight to give (his)(her) testimony.

---

[32]    Third Circuit Model Criminal Jury Instruction 4.24.

INSTRUCTION NO. 20: FALSE IN ONE, FALSE IN ALL[33] **[IF APPLICABLE]**

If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness's testimony concerning other matters. You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

---

[33]    Third Circuit Model Criminal Jury Instruction 4.26.

INSTRUCTION NO. 21a: DEFENDANT'S CHOICE NOT TO TESTIFY OR
PRESENT EVIDENCE[34] **[IF APPLICABLE]**

*[NAME]*, the defendant, *[did not testify/did not present evidence]* in this case.
A defendant has an absolute constitutional right not *[to testify/or to present any evidence]*. The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he or she is innocent. You must not attach any significance to the fact that *[NAME]* did not testify. You must not draw any adverse inference against the defendant because he or she did not take the witness stand. Do not consider, for any reason at all, the fact that *[NAME]* did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

---

[34]    Third Circuit Model Criminal Jury Instruction 4.27.

INSTRUCTION NO. 21b: DEFENDANT'S TESTIMONY[35]  **[IF APPLICABLE]**

In a criminal case, a defendant has a constitutional right not to testify. However, if he or she chooses to testify, he or she is, of course, permitted to take the witness stand on his or her own behalf. In this case, defendant *[NAME]* testified. You should examine and evaluate his or her testimony just as you would the testimony of any witness.

---

[35]    Third Circuit Model Criminal Jury Instruction 4.28.

INSTRUCTION NO. 22: DEFENDANT'S PRIOR BAD ACTS OR CRIMES[36] **[IF APPLICABLE]**

You have heard testimony that the defendants *(summarize the other act evidence)*.

This evidence of other act*(s)* was admitted only for *(a)* limited purpose*(s)*. You may consider this evidence only for the purpose of deciding whether the defendant *(describe the precise purpose or purposes for which the other act evidence was admitted: for example (Pick those of the following, or other reasons, that apply)), had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment; or had a motive or the opportunity to commit the acts charged in the indictment; or was preparing or planning to commit the acts charged in the indictment; or acted with a method of operation as evidenced by a unique pattern (describe); or*
*did not commit the acts for which the defendant is on trial by accident or mistake.; or is the person who committed the crime charged in the indictment. You may consider this evidence to help you decide (describe how the evidence will be used to prove permitted purpose).*

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such

---

[36]     Third Circuit Model Criminal Jury Instruction 4.29.

weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendants are not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendants committed the crimes charged. You may not consider this evidence as proof that the defendants have a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendants may have committed the other act(s), they must also have committed the acts charged in the Superseding Indictment.

Remember that the defendants are on trial here only for offenses relating to the two Victims identified in the Superseding Indictment, not for these other acts. Do not return a guilty verdict unless the Government proves the crimes charged in the Superseding Indictment beyond a reasonable doubt.

INSTRUCTION NO. 23: PRIOR STATEMENT OF NON-TESTIFYING DEFENDANT IN A MULTI-DEFENDANT TRIAL[37] **[IF APPLICABLE]**

The Government introduced evidence that the defendant *[NAME]* made a statement to FBI Special Agent Vernon Addison. I caution you that you may consider *[NAME]*'s statement to Special Agent Addison only in resolving whether *[NAME]* is guilty or not guilty. You may not consider or discuss this evidence in any way in resolving whether *[NAME OF CO-DEFENDANT]* is guilty or not guilty. [*NAME*]'s statement is evidence only against *[NAME]* and not against *[NAME OF CO-DEFENDANT]*.

You must decide whether [*NAME*] did in fact make the statement. If you find that [*NAME*] did make the statement, then you must decide what weight, if any, you feel the statement deserves. In making this decision, you should consider all matters in evidence having to do with the statement, including those concerning [*NAME*] and the circumstances under which the statement was made.

---

[37]    Third Circuit Model Criminal Jury Instruction 4.33.

INSTRUCTION NO. 24: DEFENDANTS CHARACTER EVIDENCE[38]  **[IF APPLICABLE]**

You have heard *[reputation]*[*opinion*][*reputation and opinion*] evidence about whether *[NAME(s)]* has/have a character trait for [*name trait, such as truthfulness, peacefulness, honesty, being a law-abiding citizen, etc.*].

You should consider this character evidence together with and in the same way as all the other evidence in the case in deciding whether the Government has proved the charges beyond a reasonable doubt.

---

[38]    Third Circuit Model Criminal Jury Instruction 4.39.

INSTRUCTION NO. 25: IMPEACHMENT OF DEFENDANT'S CHARACTER
WITNESS[39] **[IF APPLICABLE]**

If character witness testified to reputation: You heard [*name of witness*] testify
about the *[NAME]*'s reputation for [*insert character trait covered by testimony*].  On
cross-examination of [*name of witness*], the prosecutor asked [*him*][*her*] some
questions about whether [*he*][*she*] had heard that [*briefly describe the subject of the
cross-examination on the character trait, e.g., defendant was convicted of fraud on an
earlier occasion*]. The prosecutor was allowed to ask these questions only to test
whether [*name of witness*] was familiar with the reputation of *[NAME]* in the
community. This is not evidence that the acts described in these questions actually
occurred.

You may not use the information developed by the prosecutor on this subject
for any other purpose. Specifically, you may not use this information to conclude that
*[NAME]* committed the acts charged in the Superseding Indictment or as proof that
*[NAME]* has a bad character or any propensity to commit crimes.

If character witness testified to opinion: You heard [*name of witness*] testify
about the *[NAME]*'s character for [*insert character trait covered by testimony*].  On
cross-examination of [*name of witness*], the prosecutor asked *[him][her]* some
questions about whether [he][she] knew that [*briefly describe the subject of the cross-
examination on the character trait, e.g., defendant was convicted of fraud on an earlier
occasion*]. The prosecutor was allowed to ask these questions only to test whether

---

[39]    Third Circuit Model Criminal Jury Instruction 4.40.

*[name of witness]* had a good basis for [*his*][*her*] opinion of the *[NAME]*'s character. This is not evidence that the acts described in these questions actually occurred.

You may not use the information developed by the prosecutor on this subject for any other purpose. Specifically, you may not use this information to conclude that *[NAME]* committed the act[*s*] charged in the Superseding Indictment or as proof that *[NAME]* has a bad character or any propensity to commit crimes.

66

INSTRUCTION NO. 26: NATURE OF THE SUPERSEDING INDICTMENT[40]

As you know, the defendants are charged in the Superseding Indictment with violating federal law, specifically both defendants are charged with forced labor, both defendants are charged with alien harboring for financial gain, and defendant Bolaji Bolarinwa is charged with unlawful conduct with respect to documents in furtherance of forced labor.

You will have a copy of the Superseding Indictment in the jury room as you deliberate, but the Superseding Indictment is not evidence. As I explained at the beginning of trial, a Superseding Indictment is just the formal way of specifying the exact crimes the defendants are accused of committing. A Superseding Indictment is simply a description of the charges against the defendants. It is an accusation only. A Superseding Indictment is not evidence of anything, and you should not give any weight to the fact that the defendants have been indicted in making your decision in this case.

---

[40]    Modified Third Circuit Model Criminal Jury Instruction 3.07.

INSTRUCTION NO. 27: ON OR ABOUT[41]

You will note that the Superseding Indictment charges that each offense was committed "on or about" certain dates.  The Government does not have to prove with certainty the exact dates of the alleged offense.  It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged.

---

[41]    Modified Third Circuit Model Criminal Jury Instruction 3.08.

INSTRUCTION NO. 28: SEPARATE CONSIDERATION – MULTIPLE
DEFENDANTS CHARGED WITH THE SAME AND DIFFERENT OFFENSES[42]

The defendants Bolaji Bolarinwa and Isiaka Bolarinwa are both charged with

more than one offense; each offense is charged in a separate count of the indictment.

I will explain to you in more detail shortly which defendants are charged with which

offenses.  Before I do that, however, I want to emphasize several things.

The number of offenses charged is not evidence of guilt, and this should not

influence your decision in any way.  Also, in our system of justice, guilt or innocence

is personal and individual.  You must separately consider the evidence against each

defendant on each offense charged, and you must return a separate verdict for each

defendant on each offense.  For each defendant and offense, you must decide whether

the Government has proved beyond a reasonable doubt that the particular defendant

is guilty of the particular offense.

Your decision on any one defendant or any one offense, whether guilty or not

guilty, should not influence your decision on any of the other defendants or offenses.

Each offense and each defendant should be considered separately.

---

[42]    Third Circuit Model Criminal Jury Instructions 3.14 and 3.15 (modified).

## INSTRUCTION NO. 29: USE OF CONJUNCTIVE IN SUPERSEDING INDICTMENT

Upon reading the Superseding Indictment, you will notice that the word "and" is used between certain charging words.  Even though the word "and" appears in the Superseding Indictment in this manner, the Government need not prove that the defendant did all of those things. It is sufficient for the Government to prove that the defendant or defendants did one of the things charged in a particular count.  In other words, you should treat the conjunctive "and" as it appears in the Superseding Indictment as being the disjunctive "or."

INSTRUCTION NO. 30: ELEMENTS OF THE OFFENSE CHARGED FOR COUNTS ONE AND TWO: FORCED LABOR (18 U.S.C. § 1589(a))

Defendant Bolaji Bolarinwa has been charged in Count One with violating 18 U.S.C. § 1589(a) with Victim 1 and in Count Two with violating 18 U.S.C. § 1589(a) with Victim 2. Title 18, United States Code, Section 1589(a), makes it a crime to knowingly provide or obtain the labor or services of anyone, namely, Victims 1 and 2, by any one of, or by any combination of, the enumerated prohibited means.

The defendant can be found guilty only if all the following elements are proved beyond a reasonable doubt:

*First*:     The defendant provided or obtained the labor or services of Victim 1 or  Victim 2;

*Second*:     The defendant did so by one or more of the following means:

(a)     for Victim 2 only, by means of force or threats of force to that person or another person;

(b)     for either Victim 1 or Victim 2, by means of serious harm or threats of serious harm to that person or another person;

(c)     for either Victim 1 or Victim 2, by means of abuse or threatened abuse of law or legal process; or

(d)     for either Victim 1 or Victim 2, by means of any scheme, plan, or pattern intended to cause that person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm; and

*Third*:     The defendant acted knowingly.

71

First Element

      In considering this element, you should use the ordinary, everyday definitions of "provide," and "obtain."[43]  In addition, the word "labor" means work or the performance of any particular task or set of tasks, and it includes any form of physical or mental effort or exertion to perform such work or tasks.[44]  The word "services" means any conduct, work, or duty performed for the benefit of another person or thing.[45]

---

[43]    Transcript of Trial at 71, *United States v. Nnaji*, No. 4:09-cr-00172-A (N.D. Tex. Jan. 5, 2011) (Docket #125); Jury Instructions at 35, *United States v. Calimlim*, No. 2:04-CR-248 (E.D. Wis. May 25, 2006) (Docket #188); *Smith v. United States*, 508 U.S. 223, 228 (1993) ("When a word is not defined by statute, we normally construe it in accord with its ordinary or natural meaning.").

[44]    Transcript of trial at 52, *United States v. Luong*, 3:20-cr-00079 (W.D.N.C. Jan. 8, 2021) (Docket #114); Jury Instructions at 31, *United States v. Aman*, 3:19-cr-00085 (E.D. Va. May 12, 2022) (Docket #223); Jury Instructions at 64, *United States v. Kaufman*, 5:04-cr-40141 (D. Kan. Nov. 3, 2003) (Docket # 305); Jury Instructions at 10, *United States v. Dann*, No. 4:08-cr-00390-CW (N.D. Cal. Oct. 6, 2009) (Docket # 92); *see also United States v. Kaufman*, 546 F.3d 1242, 1260-63 (10th Cir. 2008) (finding no plain error with an instruction defining labor as "the expenditure of physical or mental effort" and stating that § 1589 "appl[ies] to coerced acts other than 'work in an economic sense'"); *United States v. Marcus*, 487 F. Supp. 2d 289, 300-04 (E.D.N.Y. 2007) (rejecting defendant's argument that a conviction under § 1589 requires "the usual presence of compensation for the labor or services at issue," finding that the legislative history of the TVPA does not indicate that labor or services provided within the household were meant to be exempt from the TVPA, and holding that the acts of "setting up and maintaining websites, writing diaries, posing for pictures, HTML coding, clicking ads, recruiting services of other trainees, [and] commercial sex acts" (internal quotations omitted) qualify as "labor or services" within the meaning of § 1589), *aff'd in part, vacated in part, and remanded*, 628 F.3d 36 (2d Cir. 2010).

[45]    Transcript of Trial at 52, *United States v. Luong*, 3:20-cr-00079 (W.D.N.C. Jan. 8, 2021) (Docket #114); Jury Instructions at 31, *United States v. Aman*, 3:19-cr-00085

Second Element

As to the second element, you must find that the defendant used or employed one or more of the identified prohibited means to provide or obtain the labor or services of that person.  I will now define some of those terms.

The terms "force" and "threats of force" are to be given their ordinary meaning.

The term "serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances as that person to perform or to continue performing labor or services in order to avoid incurring that harm.[46]  A threat of serious harm, therefore, need not involve any threat of physical violence, although it

---

(E.D. Va. May 12, 2022) (Docket #223); Jury Instructions at 64, *United States v. Kaufman*, 5:04-cr-40141 (D. Kan. Nov. 3, 2003) (Docket # 305); Jury Instructions at 10, *United States v. Dann*, No. 4:08-cr-00390-CW (N.D. Cal. Oct. 6, 2009) (Docket # 92); *see also United States v. Kaufman*, 546 F.3d 1242, 1260-63 (10th Cir. 2008) (finding no plain error with an instruction defining services as "conduct or performance that assists or benefits someone or something" and stating that § 1589 "appl[ies] to coerced acts other than 'work in an economic sense'"); *United States v. Marcus*, 487 F. Supp. 2d 289, 300-04 (E.D.N.Y. 2007) (rejecting defendant's argument that a conviction under § 1589 requires "the usual presence of compensation for the labor or services at issue," finding that the legislative history of the TVPA does not indicate that labor or services provided within the household were meant to be exempt from the TVPA, and holding that the acts of "setting up and maintaining websites, writing diaries, posing for pictures, HTML coding, clicking ads, recruiting services of other trainees, [and] commercial sex acts" (internal quotations omitted) qualify as "labor or services" within the meaning of § 1589), *aff'd in part, vacated in part, and remanded*, 628 F.3d 36 (2d Cir. 2010).

[46]    18 U.S.C. § 1589(c)(2).

may include a threat of physical violence.[47]

---

[47]        Jury Instructions at 47, *United States v. Kaur*, 3:23-cr-00092 (E.D. Va. Jan. 19, 2024) (Docket #198); Jury Instructions at 33, *United States v. Aman*, 3:19-cr-00085 (E.D. Va. May 12, 2022) (Docket #223); Transcript of Trial at 53, *United States v. Luong*, 3:20-cr-00079 (W.D.N.C. Jan. 8, 2021) (Docket #114); Jury Instructions at 65, *United States v. Kaufman*, No. 5:04-cr-40141-MLB (D. Kan. Nov. 3, 2005) (Docket #305); *see also* Jury Instructions at 38, *United States v. Calimlim*, No. 2:04-cr-00248-RTR (E.D. Wis. May 25, 2006) (Docket #188); Jury Instructions at 18, *United States v. Marcus*, No. 1:05-cr-00457-ARR (E.D.N.Y. Feb. 21, 2007) (Docket #202) (instruction given under § 1591); *see also United States v. Garcia*, No. 02-CR-110S-01, 2003 WL 22956917, at *4 (W.D.N.Y. Dec. 2, 2003) ("'Because provisions within section 1589 only require a showing of a threat of 'serious harm,' or of a scheme, plan, or pattern intended to cause a person to believe that such harm would occur, federal prosecutors will not have to demonstrate physical harm or threats of force against victims. The term 'serious harm' as used in this Act refers to a broad array of harms, including both physical and nonphysical . . . .'") (quoting H.R. Conf. Rep. No. 106-939 at 101 (2000), 2000 WL 1479163 (Oct. 5, 2000)); *United States v. Dann*, 652 F.3d 1160, 1171-73 (9th Cir. 2011) (finding that the jury could conclude that the defendant caused the victim to believe that she would suffer reputational harm if she left when the defendant had falsely accused her of theft on four occasions and stating that a threat that the victim would be forced to leave the United States "could constitute serious harm to an immigrant who came to the United States in part to study English and who dreamed of starting a business," that a threat that an immigrant "would not be able to leave the country because she had no documents" is a serious threat, and that a threat to a nanny that the children whom she cared for would suffer if she left is "exactly the type of coercion that Congress envisioned"); *United States v. Calimlim*, 538 F.3d 706, 711-13 (7th Cir. 2008) (stating that "the statute provides ample notice that it prohibits intentionally creating the belief that serious harm is possible, either at the defendant's hands or those of others," that "[t]he language of § 1589 covers nonviolent coercion," and that "[a] statement is a threat if a reasonable person would believe that the intended audience would receive it as a threat, regardless of whether the statement was intended to be carried out" and finding that the victim "did not have an exit option: because the threats in her case involved her immigration status, she could not freely work for another employer in order to escape the threatened harm"); *United States v. Rivera*, No. 09-CR-619 (SJF), 2012 WL 2339318, at *5 (E.D.N.Y. June 19, 2012) ("The threat of being forced to leave the United States can constitute serious harm to an immigrant within the meaning of the forced labor statute."); *United States v. Farrell*, 563 F.3d 364, 372 (8th Cir. 2009) (holding that under § 1581 (peonage), the defendant's statement that if the workers tried to run away he would send them back to the Philippines in a balikbayan box was a threat of physical force); *United States v. Bradley*, 390 F.3d 145, 151 (1st Cir. 2004) (noting that "in an appropriate case we think that the court in instructing the jury would be

The term "abuse or threatened abuse of law or legal process" means "the use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action."[48]  Abuse of law or the legal process can include threats intended to place a person in fear that law or legal process will be used against that person and can include arrest, deportation, or other legal proceedings.[49]

The words "scheme," "plan," and "pattern" are to be given their ordinary meanings.[50]  A "scheme, plan, or pattern" need not involve actual threats of serious

---

required to draw a line between improper threats or coercion and permissible warnings of adverse but legitimate consequences"), *vacated on other grounds*, 545 U.S. 1101 (2005), *sentences vacated and remanded for resentencing*, 426 F.3d 54 (1st Cir. 2005).

[48]    18 U.S.C. § 1589(c)(1) (effective December 23, 2008).

[49]    *See United States v. Calimlim*, 538 F.3d 706, 713 (7th Cir. 2008) ("[T]he immigration laws do not aim to help employers retain secret employees by threats of deportation, and so [the defendants'] 'warnings' about the consequences were directed to an end different from those envisioned by the law and were thus an abuse of the legal process."); *United States v. Garcia*, No. 02-CR-110S-01, 2003 WL 22956917, at *4 (W.D.N.Y. Dec. 2, 2003) (holding that threats of deportation "clearly fall within the concept and definition of 'abuse of legal process' since the alleged objective for [such threats] was to intimidate and coerce the workers into 'forced labor'").

[50]    Jury Instructions at 22, *United States v. Al Hunaity*, No. 1:18-cr-00723 (D.N.J. May 8, 2019) (Docket #53); Transcript of Trial at 54, *United States v. Luong*, 3:20-cr-00079 (W.D.N.C. Jan. 8, 2021) (Docket #114); Jury Instructions at 35, *United States v. Aman*, 3:19-cr-00085 (E.D. Va. May 12, 2022) (Docket #223); Transcript of Trial at 72, *United States v. Nnaji*, No. 4:09-cr-00172-A (N.D. Tex. Jan. 5, 2011) (Docket #125); Jury Instructions at 23, *United States v. Marcus*, No. 1:05-cr-00457-ARR (E.D.N.Y. Feb. 21, 2007) (Docket #202); Jury Instructions at 38, *United States v. Calimlim*, No. 2:04-CR-248 (E.D. Wis. May 25, 2006) (Docket #188).

harm, but may involve any other words, actions, or conduct—including deception or psychological coercion—used to cause the named Victim to reasonably believe that she, her family, or any other person would suffer serious harm if she refused to continue providing labor or services.[51]

If you find that the defendant used one of the prohibited means outlined above, you must then determine whether such means was sufficient to cause each Victim to reasonably believe that she had no choice but to work or to remain working for the defendant to avoid serious harm to herself or others. In making that determination, you may consider the cumulative effect of the defendant's conduct on that person.[52]

---

[51]    Jury Instructions at 22, *United States v. Al Hunaity*, No. 1:18-cr-00723 (D.N.J. May 8, 2019) (Docket #53); Transcript of Trial at 54, *United States v. Luong*, 3:20-cr-00079 (W.D.N.C. Jan. 8, 2021) (Docket #114); Jury Instructions at 35, *United States v. Aman*, 3:19-cr-00085 (E.D. Va. May 12, 2022) (Docket #223); Jury Instructions at 38, *United States v. Calimlim*, No. 2:04-CR-248 (E.D. Wis. May 25, 2006) (Docket #188); Transcript of Trial at 72-73, *United States v. Nnaji*, No. 4:09-cr-00172-A (N.D. Tex. Jan. 5, 2011) (Docket #125); Jury Instructions at 65, *United States v. Kaufman*, No. 5:04-cr-40141-MLB (D. Kan. Nov. 3, 2005) (Docket #305); *see also United States v. Calimlim*, 538 F.3d 706, 713 (7th Cir. 2008) (finding that a jury could reasonably find a scheme within the meaning of § 1589 when the defendants kept the victim's passport, did not admit to the victim that the defendants themselves were breaking the law, did not offer to get the victim legal status, issued vague warnings that someone might report the victim, and told lies that the defendants were the only ones who could legally employ her); *Nuñag-Tanedo v. East Baton Rouge Parish School Bd.*, 790 F. Supp. 2d 1134, 1144 (C.D. Cal. 2011) (finding that in a civil action based on violations of § 1589, plaintiffs' allegation that "Defendants' 'systematic fraud and extortion forced Plaintiffs to take on crushing debt, which they could not possibly repay absent continued employment,'" along with allegations of abuse of law or legal process,  was sufficient to support their claim (internal citations omitted)).

[52]    Jury Instructions at 23, *United States v. Al Hunaity*, No. 1:18-cr-00723 (D.N.J. May 8, 2019) (Docket #53); Transcript of Trial at 54, *United States v. Luong*, 3:20-cr-00079 (W.D.N.C. Jan. 8, 2021) (Docket #114).

To prove this second element, the United States does not need to link actions the defendant allegedly took against the Victim to particular labor or tasks. If the Victim was threatened with or suffered certain consequences in connection with services she purportedly rendered, either as punishment or as part of a climate of fear that overcame her will and compelled her service, that is sufficient to establish the second element of forced labor.

You may also consider the Victim's special vulnerabilities, if any, that were known to the defendant. In this regard, you are instructed that you may find that not all persons are of the same courage or firmness. You may consider, for example, the Victim's background, physical and mental condition, age, experience, education, socioeconomic status, and any inequalities between her and the defendant with respect to these considerations, including their relative stations in life, among other things. Simply put, you may ask whether that person was vulnerable in some way so that the actions of the defendant, even if not sufficient to compel a reasonable person of the same background as that person, were sufficient to compel that person to work.[53]

---

[53]    Jury Instructions at 23, *United States v. Al Hunaity*, No. 1:18-cr-00723 (D.N.J. May 8, 2019) (Docket #53); Transcript of Trial at 54-55, *United States v. Luong*, 3:20-cr-00079 (W.D.N.C. Jan. 8, 2021) (Docket #114); Jury Instructions at 15, *United States v. Chuta*, 9:21-cr-80154 (S.D. Fl. July 1, 2022) (Docket #73); Jury Instructions at 38-30. *United States v. Calimlim*, 04-cr-248, (E.D. Wisc. May 25, 2006) (Docket #188), supported by *United States v. Calimlim*, 538 F.3d 706, 713-14 (7th Cir. 2008) (holding that the district court's "jury instructions properly recited the law"); *See United States v. Bradley*, 390 F.3d 145, 152-53 (1st Cir. 2004) (approving such instruction and holding that "known objective conditions that make the victim especially vulnerable to pressure (such as youth or immigrant status) bear on whether the employee's labor was 'obtain[ed]' by forbidden means"), *judgment*

You may also consider not only overt threats that the defendant might have made to place the Victim in fear of suffering serious harm, but also other surrounding circumstances, such as verbal abuse and insults, isolation, poor working or living conditions, denial of education or medical care, lack of payment, or any combination of these conditions, and any other coercive techniques that the defendant might have used.[54]

The Government does not need to link each threat allegedly made or actions allegedly taken against the named Victim to particular labor tasks performed by her.

_vacated on other grounds_, 390 F.3d 145 (2005); _see also United States v. Kozminski_, 487 U.S. 931, 952 (1988) ("[T]he vulnerabilities of the victim are relevant in determining whether the physical or legal coercion or threats . . . could plausibly have compelled the victim to serve."); _United States v. Veerapol_, 312 F.3d 1128, 1132 (9th Cir. 2002) (explaining that in determining whether a victim's labor was obtained through coercion, jury "may consider such factors as "evidence of other means of coercion, or of poor working conditions, or of the victim's special vulnerabilities" (internal quotation marks omitted)); _United States v. Alzanki_, 54 F.3d 994, 1001-02 (1st Cir. 1995) ("It was entirely proper to instruct the jury to consider [the victim's] background and experience in assessing whether her fears were reasonable.").

[54]    Jury Instructions at 23, _United States v. Al Hunaity_, No. 1:18-cr-00723 (D.N.J. May 8, 2019) (Docket #53); Jury Instructions at 12, _United States v. Murra_, No. 16-cr-078, (N.D. Tex. Aug. 5, 2016) (Docket #173), supported by _United States v. Murra_, 879 F.3d 669 (5th Cir. 2018); Jury Instructions at 14, _United States v. Nnaji_, No. 09-cr-172 (N.D. Tex. Feb. 2, 2010) (Docket #84), supported by _United States v. Nnaji_, 447 F. App'x 558 (5th Cir. 2011);_see also United States v. Alzanki_, 54 F.3d 994, 999, 1004-05 (1st Cir. 1995) (finding that depriving victim of food and medical care, while simultaneously threatening violence or deportation contributed to the "climate of fear" that compelled victim into involuntary servitude); _United States v. Farrell_, 563 F.3d 364, 373-74 (8th Cir. 2009) (upholding defendants' convictions for peonage and related crimes and finding that the convictions were supported by the totality of evidence of defendants' threats to put victims in a "balikbayan box and ship them back to the Philippines," threats of arrest and deportation, victims' isolation as well as working and living conditions, that a defendant regularly "lost his temper" in meetings, and that workers reasonably believed defendants were powerful people who would make good on threats).

If the Victim was threatened with or suffered certain consequences in connection with services she purportedly rendered, either as punishment or as part of a climate of fear that overcame her will and compelled her service, that may be sufficient to establish the second element of this offense.[55]

The Government also need not prove physical restraint—such as the use of chains, barbed wire, or locked doors—in order to establish the offense of forced labor.[56] The fact that the named Victim may have had the opportunity to escape is not determinative of whether the forced labor statute has been violated if the defendant placed that person in such fear or circumstances that she did not reasonably believe she could leave.[57] A Victim who has been placed in fear of serious

---

[55]     Jury Instructions at 23, *United States v. Al Hunaity*, No. 1:18-cr-00723 (D.N.J. May 8, 2019) (Docket #53); Transcript of Trial at 54-55, *United States v. Luong*, 3:20-cr-00079 (W.D.N.C. Jan. 8, 2021) (Docket #114); Jury Instructions at 35, *United States v. Aman*, 3:19-cr-00085 (E.D. Va. May 12, 2022) (Docket #223); Jury Instructions at 39, *United States v. Calimlim*, 04-cr-248 (E.D. Wisc. May 25, 2006) (Docket #188), supported by *United States v. Calimlim*, 538 F.3d 706, 713-14 (7th Cir. 2008) (holding that the district court's "jury instructions properly recited the law"); Jury Instructions at 14; *United States v. Nnaji*, No. 09-cr-172 14 (N.D. Tex. Feb. 2, 2010) (Docket #84), supported by *United States v. Nnaji*, 447 F. App'x 558 (5th Cir. 2011).

[56]     Jury Instructions at 23-24, *United States v. Al Hunaity*, No. 1:18-cr-00723 (D.N.J. May 8, 2019) (Docket #53); Jury Instructions at 48, *United States v. Kaur*, 3:23-cr-00092 (E.D. Va. Jan. 19, 2024) (Docket #198); Transcript of Trial at 55, *United States v. Luong*, 3:20-cr-00079 (W.D.N.C. Jan. 8, 2021) (Docket #114); Jury Instructions at 39, *United States v. Calimlim*, 04-cr-248 (E.D. Wisc. May 25, 2006) (Docket #188), supported by *United States v. Calimlim*, 538 F.3d 706, 713-14 (7th Cir. 2008) (holding that the district court's "jury instructions properly recited the law"); *see also Alzanki*, 54 F.3d at 1000 ("The government need not prove physical restraint.").

[57]     Jury Instructions at 23-24, *United States v. Al Hunaity*, No. 1:18-cr-00723 (D.N.J. May 8, 2019) (Docket #53); Jury Instructions at 48, *United States v. Kaur*, 3:23-cr-00092 (E.D. Va. Jan. 19, 2024) (Docket #198); Transcript of Trial at 55-56,

harm by the defendant's use of one of the prohibited means is under no affirmative duty to try to escape.[58]

Finally, in considering whether the labor or services performed by the Victim were involuntary, you are instructed that it is not determinative if the Victim may have initially agreed, voluntarily, to render the service or perform the work.[59]

---

*United States v. Luong*, 3:20-cr-00079 (W.D.N.C. Jan. 8, 2021) (Docket #114); Jury Instructions at 15, *United States v. Nnaji*, No. 09-cr-172 (N.D. Tex. Feb. 2, 2010) (Docket #84), supported by *United States v. Nnaji*, 447 F. App'x 558 (5th Cir. 2011); *see also Bradley*, 390 F.3d at 153 (upholding instruction that government "need not prove physical restraint; such as, the use of chains, barbed wire, or locked doors, in order to establish the offense of forced labor. The fact that [the victim] may have had an opportunity to flee is not determinative of the question of forced labor if either or both of the defendants placed [the victim] in such fear or circumstances that he did not reasonably believe he could leave"); *United States v. Booker*, 655 F.2d 562, 567 (4th Cir. 1981) (holding that trial court "should not have charged the jury that it would have to find that the defendants' use of force effectively denied the possibility of escape to the victims. The availability of escape . . . or even a situation where the discipline of terror is not constantly enforced, does not preclude a finding that persons are held as slaves."); *United States v. Djoumessi*, 538 F.3d 547, 552-53 (6th Cir. 2008) (rejecting challenge to sufficiency of evidence in § 1584 conviction based on opportunity to escape).

[58]     Jury Instructions at 48, *United States v. Kaur*, 3:23-cr-00092 (E.D. Va. Jan. 19, 2024) (Docket #198); Transcript of Trial at 55-56, *United States v. Luong*, 3:20-cr-00079 (W.D.N.C. Jan. 8, 2021) (Docket #114); *see also Djoumessi*, 538 F.3d at 552-53 (rejecting challenge to sufficiency of evidence in § 1584 conviction based on opportunity to escape); *Bradley*, 390 F.3d at 153-54; *Alzanki*, 54 F.3d at 1000; *Warren*, 772 F.2d at 834 ("That the worker had the opportunity to escape is of no moment, if the defendant has placed him in such fear of physical harm that he is afraid to leave."); *Booker*, 655 F.2d at 567 ("The availability of escape . . . or even a situation where the discipline of terror is not constantly enforced, does not preclude a finding that persons are held as slaves.").

[59]     Jury Instructions at 24, *United States v. Al Hunaity*, No. 1:18-cr-00723 (D.N.J. May 8, 2019) (Docket #53); Jury Instructions at 49, *United States v. Kaur*, 3:23-cr-00092 (E.D. Va. Jan. 19, 2024) (Docket #198); Transcript of Trial at 56, *United States v. Luong*, 3:20-cr-00079 (W.D.N.C. Jan. 8, 2021) (Docket #114); Jury Instructions at 40, *United States v. Calimlim*, 04-cr-248, (E.D. Wisc. May 25, 2006) (Docket #188),

<u>Third Element</u>

The third element of this offense is that the defendant acted knowingly.  I will define this term for you later.

---

supported by *United States v. Calimlim*, 538 F.3d 706, 713-14 (7th Cir. 2008) (holding that the district court's "jury instructions properly recited the law"); Jury Instructions at 15, *United States v. Nnaji*, No. 09-cr-172, (N.D. Tex. Feb. 2, 2010) (Docket #84), supported by *United States v. Nnaji*, 447 F. App'x 558 (5th Cir. 2011).

INSTRUCTION NO. 31: ELEMENTS OF THE OFFENSE CHARGED FOR
COUNTS THREE AND FOUR: PARTICIPATION IN A FORCED LABOR
VENTURE (18 U.S.C. § 1589(b))

Defendant Isiaka Bolarinwa has been charged in Count Three with violating 18 U.S.C. § 1589(b) with Victim 1 and in Count Four with violating 18 U.S.C. § 1589(b) with Victim 2. Title 18, United States Code, Section 1589(b), makes it a crime to benefit by participation in a venture that provided or obtained the labor or services of anyone, namely, Victims 1 and 2, by any one of, or by any combination of, the enumerated prohibited means.

To find the defendant guilty of these charges, you must find that the Government proved the following three elements beyond a reasonable doubt:

*First*: The defendant knowingly benefitted, financially or by receiving anything of value, from participation in a venture which provided or obtained the labor or services of Victim 1 or Victim 2;

*Second*: The venture provided or obtained the labor or services of Victim 1 or Victim 2 by one or more of the following prohibited means:

(a) for Victim 2 only, through force, threats of force, physical restraint, or threats of physical restraint to that person or another person;

(b) for either Victim 1 or Victim 2, through serious harm or threats of serious harm to that person or another person;

(c) for either Victim 1 or Victim 2, through abuse or threatened abuse of law or legal process; or

82

(d)        for either Victim 1 or Victim 2, through a scheme, plan, or pattern intended to cause that person to believe that failure to perform the labor or services would result in serious harm to or physical restraint against that person or another person; and

*Third*:        The defendant knew or recklessly disregarded the fact that the venture engaged in the providing or obtaining of labor or services of Victim 1 or Victim 2 by one or more of the prohibited means.[60]

First Element

To prove the first element, the Government only needs to prove that there was a venture that provided or obtained the labor or services of the named Victim, that the defendant knowingly participated in some way in that venture, and that the defendant knowingly benefitted, financially or by receiving anything of value, from participation in that venture. The Government does not have to prove that the defendant himself provided or obtained the labor or services of the named Victim. I will now define some of the terms for you.

In considering this element, you should use the definitions of "provide," "obtain," "labor," and "services" that I previously gave to you.

"Venture" is defined as "any group of two or more individuals associated in fact, whether or not a legal entity."[61] You may find that the defendant participated in a

---

[60]        18 U.S.C. § 1589(b) (effective December 23, 2008) (18 U.S.C. § 1589 was initially enacted effective October 28, 2000; it has only been amended once, in 2008).

[61]        18 U.S.C. § 1591(e)(5).

venture if the defendant took part in that venture in any way.  The defendant may be, but need not be, one of the people who formed that venture.  Likewise, the defendant need not be an organizer or main participant in the venture, and need not have participated throughout the length of the venture.  It is enough if the defendant took some part in the venture for any period of time while the venture was still ongoing, even if the part he played was minor, and even if it was not related to the actual providing or obtaining of the labor or services of the named Victim.[62]

The defendant must also benefit financially or by receiving anything of value from participation in the venture.  You may find that this requirement is satisfied if the defendant received any profit, benefit, thing of value, or advantage, in any form,

---

[62]    *See* Jury Instructions at 15, *United States v. Cortes-Meza*, No. 1:08-cr-00055-RWS-GGB (N.D. Ga. Nov. 22, 2010) (Docket #346) (instruction given under § 1591); Transcript of Trial at 54-55, *United States v. Royal*, No. 8:08-cr-00048-AW (D. Md. Oct. 5, 2010) (Docket #116) (instruction given under § 1591); Jury Instructions at 28, *United States v. Sawyer*, No. 1:10-cr-00744 (N.D. Ill. Nov. 21, 2011) (Docket # 102) (instruction given under § 1591); *see also United States v. Moss*, 379 F. App'x 651, 652 (9th Cir. 2010) (stating that a jury could find that a defendant participated in a § 1591(a)(2) venture when an individual "joined [the defendant] to make money for something she wanted to do,  helped recruit and manage prostitutes . . . and handled the enterprise's finances in [the defendant's] absence," despite the fact that the individual was "in other respects . . . a victim herself," "[g]iven that she was associated in fact with [the defendant] for financial benefit from commercial sex on an on-going basis"); *United States v. Jennings*, 280 F. App'x 836, 843 (11th Cir. 2008) (stating in the context of a § 1591 aiding and abetting discussion that the jury could find that the defendants were "'pimp partners' in the general venture of prostituting" the victim when the victim testified that the defendants "would look at her as she walked Orange Blossom Trail"; that a co-defendant said the defendants "were 'pimp partners' whom she would have to support through prostitution"; that if she had told the defendants or a co-defendant that "she was leaving, there 'would have been an argument about if [she] was going to stay or not'"; and that "she did not think she could have left because [a co-defendant] or the [defendants] 'would have been right there'").

no matter how minor, from participation in that venture.[63]

The Government must also prove that the defendant acted knowingly in participating in the venture. I will define this term for you later.

Second Element

If you find that the venture provided or obtained the labor or services of the named Victim, then you must determine if the Government proved beyond a reasonable doubt that the venture did so by using one or more of the listed prohibited means. I have previously instructed you as to what these prohibited means are. The same instruction applies equally here.

Third Element

With regard to the third element of this offense, the Government must prove that the defendant knew or recklessly disregarded the fact that the venture engaged in the providing or obtaining of labor or services by one or more of the prohibited

---

[63]    *See* Jury Instructions at 15, *United States v. Cortes-Meza*, No. 1:08-cr-00055-RWS-GGB (N.D. Ga. Nov. 22, 2010) (Docket #346) (instruction given under § 1591); Transcript of Trial at 55, *United States v. Royal*, No. 8:08-cr-00048-AW (D. Md. Oct. 5, 2010) (Docket #116) (instruction given under § 1591); Jury Instructions at 28, *United States v. Sawyer*, No. 1:10-cr-00744 (N.D. Ill. Nov. 21, 2011) (Docket #102) (instruction given under § 1591); *see also United States v. Jennings*, 280 F. App'x 836, 844 (11th Cir. 2008) (stating in the context of a § 1591 aiding and abetting discussion that a jury could find that the defendants "benefitted from the gas used to drive to South Beach and Fort Lauderdale and [a co-defendant's] renting of the room at the Red Roof Inn, which were paid for, at least in part, by [the victim's] commercial sex acts"); *United States v. Wild*, 143 F. App'x 938, 943 (10th Cir. 2005) (finding that there was sufficient evidence that the defendant "financially profited from [a] venture" when there was testimony that the defendant took the money that a victim was paid for sex).

means.  I will define "knowingly" and "reckless disregard" later.

INSTRUCTION NO. 32: ELEMENTS OF THE OFFENSE CHARGED FOR COUNTS FIVEAND SIX: HARBORING AN ALIEN FOR FINANCIAL GAIN (8 U.S.C. §§ 1324(a)(l)(A)(iii) AND 1324(a)(l)(B)(i))

Counts Five and Six of the Superseding Indictment charge both defendants with Harboring an Alien for Financial Gain in violation of Sections 1324(a)(l)(A)(iii) and 1324(a)(l)(B)(i) of Title 8 of the United States Code.

For you to find each defendant guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

*First*:        Victim 1 or Victim 2 was an alien during the time periods set forth in the Superseding Indictment;

*Second*:       Victim 1 or Victim 2 came to, entered, or remained in the United States in violation of law;

*Third*:        The defendant concealed, harbored, or shielded from detection Victim 1 or Victim 2 in any place within the United States;

*Fourth*:       The defendant knew or acted in reckless disregard of that fact that Victim 1 or Victim 2 entered, came to, or remained in the United States, in violation of law;

*Fifth*:        The defendant's conduct tended to substantially facilitate Victim 1 or Victim 2 remaining in the United States; and

*Sixth*:        The defendant did so for commercial advantage or private financial gain.[64]

---

[64]    8 U.S.C. §§ 1324(a)(1)(A)(iii) & 1324(a)(1)(B)(i); Jury Instructions at 20-21, *United States v. Al Hunaity*, No. 1:18-cr-00723 (D.N.J. May 8, 2019) (Docket #53); Jury Instructions at 99, *United States v. Hernandez-Zozaya*, No. 15-cr-080 (D.N.J.

An alien is any person who is not a natural-born or naturalized citizen of the United States. An alien is unlawfully in the United States if she remained in the United States for a time longer than permitted or for a purpose other than permitted by the alien's visa.[65]

The word "conceal" is be given its ordinary meaning. To "shield from detection" means to act in a way that prevents the authorities from learning of the fact that an alien is in the United States illegally.[66] To "harbor" means conduct that is intended both to substantially help an unlawfully present alien remain in the United States—such as by providing her with shelter, money, or other material comfort—and also is intended to help prevent the detection of the alien by the authorities.[67]

You need not find the defendant acted secretly or that the harboring of the alien was clandestine, as long as you find on the basis of all the evidence that the

---

Jan. 15, 2019) (Docket #93); Transcript of Trial at 30, *United States v. Romero*, No. 2:16-cr-495 (D.N.J. June 26, 2018) (Docket #49); Jury Instructions at 26, *United States v. Wood*, No. 1:15-cr-00271 (D.N.J. June 5, 2017) (Docket #91); *see also United States v. Cuevas-Reyes*, 572 F.3d 119, 122 (3d Cir. 2009) (adopting a standard that shielding undocumented individuals from detection requires proof that defendant undertook conduct that "tend[s] to substantially facilitate an alien's remaining in the United States illegally and to prevent government authorities from detecting his unlawful presence.").

[65]    8 U.S.C. §§ 1181; 1182(a)(6)(A)(i); 1182(a)(6)(C)(i); 1182(a)(7).

[66]    Jury Instructions at 98, *United States v. Hernandez-Zozaya*, No. 15-cr-080 (SRC) (D.N.J. Jan. 15, 2019) (Docket #93); Jury Instructions at 20, *United States v. Al Hunaity*, No. 1:18-cr-00723 (D.N.J. May 8, 2019) (Docket #53).

[67]    *See United States v. Vargas- Condon*, 733 F.3d 366, 382 (2d Cir. 2013); *United States v. George*, 779 F.3d 113, 118 (2d Cir. 2015).

defendant harbored an illegal alien in a way that tended substantially to facilitate the alien remaining in the United States illegally or otherwise shielded the alien's illegal status or location from detection by authorities.[68]

To "substantially facilitate" means to make an alien's illegal presence in the United States substantially easier or less difficult.[69]

I will define the term "reckless disregard" later.

"Commercial advantage" or "private financial gain" means acting with the purpose of deriving any economic benefit.[70]

---

[68]    Jury Instructions at 98, *United States v. Hernandez-Zozaya*, No. 15-cr-080 (SRC) (D.N.J. Jan. 15, 2019) (Docket #93); Jury Instructions at 20-21, *United States v. Al Hunaity*, No. 1:18-cr-00723 (D.N.J. May 8, 2019) (Docket #53).

[69]    *See* Jury Instructions at 21, *United States v. Al Hunaity*, No. 1:18-cr-00723 (D.N.J. May 8, 2019) (Docket #53); *United States v. George*, 779 F.3d 113, 118 (2d Cir. 2015).

[70]    *See* Jury Instructions at 21, *United States v. Al Hunaity*, No. 1:18-cr-00723 (D.N.J. May 8, 2019) (Docket #53); *United States v. Garcia*, 883 F.3d 570 (5th Cir. 2018) (holding that financial gain requires evidence the defendants had the "goal of improving [their] economic status in one way or another"); *United States v. Li*, 615 F.3d 752, 756 (7th Cir. 2010) (holding that employer did not pay undocumented worker state mandated minimum wage shows financial gain to the employer).

89

INSTRUCTION NO. 33: LESSER INCLUDED OFFENSES[71]

I have just explained what the Government has to prove for you to find the defendants guilty of the offenses charged in Counts Five and Six of the Superseding Indictment, alien harboring for financial gain. The law also permits the jury to decide whether the Government has proven the defendants guilty of another, lesser offense which is, by its very nature, necessarily included in the offenses of alien harboring for financial gain that is charged in Counts Five and Six of the Superseding Indictment.

The offenses of alien harboring for financial gain that are charged in Counts Five and Six the Superseding Indictment necessarily includes the lesser offense of alien harboring. In order to find the defendants guilty of this lesser included offense, the Government must prove the following elements beyond a reasonable doubt:

*First*:    The named Victim was an alien during the time periods set forth in the Superseding Indictment;

*Second*:    The named Victim came to, entered, or remained in the United States in violation of law;

*Third*:    The defendant concealed, harbored, or shielded from detection each alien in any place within the United States;

*Fourth*:    The defendant knew or acted in reckless disregard of that fact that each alien entered, came to, or remained in the United States, in violation of law; and

---

[71]    Third Circuit Model Criminal Jury Instruction 3.11.

*Fifth*:        The defendant's conduct tended to substantially facilitate Victim

1 or Victim 2 remaining in the United States.

The difference between the offenses charged in Count Five and Six the Superseding Indictment and the lesser offense that is included within each offense is that for the offenses charged in Count Five and Six of the Superseding Indictment, the Government must prove a sixth element that the defendant committed the crime for commercial advantage or private financial gain, but it does not have to do so to prove the lesser included offense.

If you find unanimously that the Government has proved beyond a reasonable doubt each of the elements of the offense of alien harboring for financial gain charged in Counts Five and Six of the Superseding Indictment, then you should find the defendants guilty of that offense and your foreperson should write "guilty" in the space provided on the verdict form for that offense for that defendant. Your consideration of that offense for that defendant is then concluded.

However, if you find unanimously that the Government has not proved beyond a reasonable doubt each element of the offense of alien harboring for financial gain charged in Counts Five and Six of the Superseding Indictment, then you must find the defendants not guilty of that offense and your foreperson should write "not guilty" in the space provided for that offense (for that defendant) on the verdict form. You should then consider whether the Government has proved beyond a reasonable doubt all the elements of the lesser offense of alien harboring that is included in the offense of alien harboring for financial gain charged in Counts Five and Six of the

Superseding Indictment.

If you find unanimously that the Government has proved beyond a reasonable doubt each of the elements of this lesser included offense, then you should find that defendant guilty of this lesser included offense and your foreperson should write "guilty" in the space provided for this lesser included offenses for that defendant on the verdict form. However, if you find unanimously that the Government has not proved beyond a reasonable doubt each element of this lesser included offense, then you must find that defendant not guilty of this offense and your foreperson should write "not guilty" in the space provided for this lesser included offense for that defendant on the verdict form.

You should remember that the burden is always on the Government to prove, beyond a reasonable doubt, each and every element of the offense charged in the Superseding Indictment or of any lesser included offense.

INSTRUCTION NO. 34: ELEMENTS OF THE OFFENSE CHARGED FOR
COUNTS SEVEN AND EIGHT: UNLAWFUL CONDUCT WITH RESPECT TO
DOCUMENTS IN FURTHERANCE OF FORCED LABOR (18 U.S.C. § 1592)

Defendant Bolaji Bolarinwa has been charged in Count Seven with violating
18 U.S.C. § 1592 with Victim 1 and in Count Eight with violating 18 U.S.C. § 1592
with Victim 2. Title 18, United States Code, Section 1592, makes unlawful conduct
with respect to documents in furtherance of forced labor a crime.

To find the defendant guilty of these charges, you must find that each of the
following three elements has been proven beyond a reasonable doubt:

*First*:      The defendant concealed, removed, confiscated, or possessed an
              actual or purported passport, immigration document, or
              Government identification document of Victim 1 or Victim 2;

*Second*:     That the defendant committed such act or acts either: (a) in the
              course of violating the forced labor statute, as alleged in Counts 1
              and 2; or (b) with the intent to violate the forced labor statute;
              and

*Third*:      The defendant acted knowingly.[72]

In considering whether the Government has proven the first element of this
crime, the terms "conceal," "remove," "confiscate," and "possess" are to be given their
ordinary meanings.

In considering whether the Government has proven the second element of this
crime, you should consider the instructions that I gave you pertaining to forced labor.

---

[72]      18 U.S.C. § 1592.

93

However, the Government does not need to prove an actual violation of the forced labor statute to prove this element beyond a reasonable doubt. The Government can also prove this element beyond a reasonable doubt by proving that the defendant concealed, removed, confiscated, or possessed the document with the intent to violate the forced labor statute. Therefore, even if the defendant does not succeed in committing forced labor, it is enough for the second element of the crime of document servitude if the defendant acted with the intent to violate the forced labor statute.[73]

The third element of this crime is that the defendant acted knowingly. I will define that term shortly.

---

[73]     Jury Instructions at 59, *United States v. Kaur*, 3:23-cr-00092 (E.D. Va. Jan. 19, 2024) (Docket #198); Jury Instructions at 40, *United States v. Aman*, 3:19-cr-00085 (E.D. Va. May 12, 2022) (Docket #223); *see also United States v. Sabhnani*, 599 F.3d 215, 244-45 (2d Cir. 2010) (rejecting the defendant's argument that § 1592 is "merely 'derivative' of the forced labor and peonage crimes" and stating that "a defendant may be convicted under § 1592 for knowingly concealing immigration documents merely 'with intent to violate' the forced labor or peonage statutes"); *United States v. Alstatt*, No. 8:10CR420, 2012 WL 870261, at *12 (D. Neb. Mar. 14, 2012) ("The court agrees with the Second Circuit that [§ 1592] is not a derivative claim, but it can in fact stand on its own with only a showing of intent to commit [a listed crime]."); *United States v. Dann*, 652 F.3d 1160, 1173-74 (9th Cir. 2011) (holding that § 1592 "requires merely that the defendant 'possess []' the document, not that the defendant lock it up" and finding that there was sufficient evidence to support the defendant's conviction when the defendant, upon being asked by the police for the victim's documents, told the police that she not have them, and when the documents were eventually found in a clothes drawer with a letter that the defendant made the victim sign that stated, inter alia, that the defendant paid the victim the minimum wage; even when the victim "testified that she gave her documents to Dann because she did not have any safe place to put them" and the victim "did not testify that she looked for the documents or that she asked Dann to give them back to her").

INSTRUCTION NO. 35: PROOF OF REQUIRED STATE OF MIND[74]

In deciding whether the Government has met its burden of proof regarding the elements of the charged crime, you must decide if the Government has proved that the defendants had a certain state of mind at the time of the charged crimes. Often the state of mind relating to knowledge with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking. However, the defendants' state of mind can be proved indirectly from the surrounding circumstances. Thus, to determine the defendants' state of mind, that is, what each defendant knew at a particular time, you may consider evidence about what that defendant said, what that defendant did and failed to do, how that defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in that defendant's mind at that time. It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about that defendant's state of mind.

You may also consider the natural and probable results or consequences of any acts that defendant knowingly did, and whether it is reasonable to conclude that he intended those results or consequences. You may find, but you are not required to find, that the defendant knew and intended the natural and probable consequences or results of acts he or she knowingly did.

This means that if you find that an ordinary person in the defendant's situation would have naturally realized that certain consequences would result from his or her

---

[74]    Third Circuit Model Criminal Jury Instruction 5.01 (first sentence added).

actions, then you may find, but you are not required to find, that the defendant knew and did intend that those consequences would result from his or her actions. This is entirely up to you to decide as the finders of the facts in this case.

INSTRUCTION NO. 36: KNOWINGLY - DEFINED[75]

The offenses charged in the Superseding Indictment require that the Government prove that the defendants acted "knowingly" with respect to certain elements of the offense. This means that the Government must prove beyond a reasonable doubt that the defendants were conscious and aware of the nature of their actions and of the surrounding facts and circumstances, as specified in the definitions of the offense charged.

In deciding whether the defendants acted "knowingly," you may consider evidence about what the defendants said, what the defendants did and failed to do, how the defendants acted, and all the other facts and circumstances shown by the evidence that may prove what was in that defendant's mind at that time.

The Government is not required to prove that the defendants knew their acts were against the law.

---

[75]    Third Circuit Model Criminal Jury Instruction 5.02.

INSTRUCTION NO. 37: RECKLESS DISREGARD - DEFINED[76]

Some of the offenses charged in the Superseding Indictment requires that the Government prove that the defendants acted either knowingly or in "reckless disregard" of a fact. I have already defined knowingly for you.

In considering whether the defendants acted with reckless disregard, I instruct you that the term "reckless disregard" means that (1) the defendants were aware of a substantial and unjustifiable risk of a fact or circumstance required for the offense or that the result required for the offense would be caused by his actions; and (2) that the defendants consciously disregarded that risk. For example, to prove reckless disregard as to a Victim's alien immigration status in Counts Five and Six, the Government must prove beyond a reasonable doubt: (1) that the defendants were aware of a substantial and unjustifiable risk that that the Victim had come to, entered, or remained in the United States in violation of the law; and (2) that the defendants consciously disregarded that risk.

---

[76]    Third Circuit Model Criminal Jury Instruction 5.08 (modified).

INSTRUCTION NO. 38: MOTIVE EXPLAINED[77]

Motive is not an element of the offense with which the defendants are charged. Proof of bad motive is not required to convict. Further, proof of bad motive alone does not establish that the defendants are guilty, and proof of good motive alone does not establish that the defendants are not guilty.  Evidence of a defendant's motive may, however, help you find his or her intent.

Intent and motive are different concepts. Motive is what prompts a person to act. Intent refers only to the state of mind with which the particular act is done.

Personal advancement and financial gain, for example, are motives for much of human conduct. However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is a crime.

---

[77]     Third Circuit Model Criminal Jury Instruction 5.04.

INSTRUCTION NO. 39: USE OF ELECTRONIC TECHNOLOGY TO CONDUCT
RESEARCH OR COMMUNICATE ABOUT A CASE[78]

      During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook,  LinkedIn, You Tube or X (formerly Twitter), to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

---

[78] *See* Charge of Chief U.S. District Judge Jerome B. Simandle in *United States v. Timothy Ricks*, Crim. No. 10-cr-510 (D.N.J. 2014) (Simandle, C.J.).

## INSTRUCTION NO. 40: ELECTION OF FOREPERSON; UNANIMOUS VERDICT; DO NOT CONSIDER PUNISHMENT; DUTY TO DELIBERATE; COMMUNICATION WITH COURT[79]

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offense charged. Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First: The first thing that you should do in the jury room is choose someone to be your foreperson. This person will speak for the jury here in court. He or she will also preside over your discussions. However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

Second: I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous. To find a defendant guilty of an offense, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves each element of that offense, as to that defendant, beyond a reasonable doubt. To find a defendant not guilty of an offense, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt as to that offense.

Third: If you decide that the Government has proved the defendants guilty, then it will be my responsibility to decide what the appropriate punishment should be. You should never consider the possible punishment in reaching your verdict.

Fourth: As I have said before, your verdict must be based only on the evidence

---

[79]    *See* Charge of Chief U.S. District Judge Jerome B. Simandle in *United States v. Timothy Ricks*, Crim. No. 10-cr-510 (D.N.J. 2014) (Simandle, C.J); Third Circuit Model Criminal Jury Instruction 3.16 (modified).

received in this case and the law I have given to you. You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the jury.

Fifth: Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that - your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience. Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the defendants guilty beyond a reasonable doubt. No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. You should all feel free to speak your minds.

Sixth: Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other. During your deliberations, you may not use any

102

electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, LinkedIn, YouTube or X (formerly Twitter), to communicate to anyone any information about this case or to conduct any research about this case.

Seventh: If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me. I will first talk to the lawyers about what you have asked, and I will respond as soon as I can. In the meantime, if possible, continue with your deliberations on some other subject.

One more thing about messages. Do not ever write down or tell anyone how you or any one else voted. That should stay secret until you have finished your deliberations. If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offense.

INSTRUCTION NO. 41: VERDICT FORM[80]

A verdict form has been prepared that you should use to record your verdict. Take this form with you to the jury room. When you have reached your unanimous verdict, the foreperson should write the verdict on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me. If you decide that the Government has proved a defendant guilty of the offense charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the Government has not proved a defendant guilty of the offense charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

---

[80]    Third Circuit Model Criminal Jury Instruction 3.17 (modified).