UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 22-CR-123 (KMW) |
| | : | |
| v. | : | Hon. Karen M. Williams |
| | : | |
| BOLAJI BOLARINWA and | : | |
| ISIAKA BOLARINWA | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT BOLAJI BOLARINWA'S RENEWED MOTION FOR JUDGMENT OF ACQUITTAL**

COMES NOW the United States of America, by and through its attorneys, Philip R. Sellinger, United States Attorney for the District of New Jersey (Jeffrey B. Bender, Assistant United States Attorney, appearing) and Kristen Clarke, Assistant Attorney General (Elizabeth Hutson, Trial Attorney, appearing) and submits this response to Defendant Bolaji Bolarinwa's Renewed Motion for Judgment of Acquittal Pursuant to Rule 29. ECF 104. Respectfully, for the reasons stated below, this Court should deny the Defendant's motion.

**I.      PROCEDURAL BACKGROUND**

The Procedural Background is set forth more fully in the Government's Opposition to Defendant Isiaka Bolarinwa's Motion for Judgment of Acquittal. ECF 105 at 1-2.

On April 24, 2024, after a two-week trial, a jury convicted Defendant Bolaji Bolarinwa of two counts of Forced Labor in violation of 18 U.S.C. § 1589(a) (Counts I and II); one count of Bringing in and Harboring Certain Aliens for Financial Gain in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and (B)(i) (Count V); and two counts of Unlawful Conduct with Respect to Documents in Furtherance of Forced Labor in violation of 18 U.S.C. § 1592 (Counts VII and VIII). The jury convicted Defendant Isiaka Bolarinwa of two counts of Forced Labor (Counts III and IV) and one count of Bringing in and Harboring Certain Aliens for Financial Gain (Count V).

Counsel for Defendant Bolaji Bolarinwa filed the instant renewed[1] motion on May 8, 2024. ECF 104. A hearing is set for May 17, 2024.

## II. LEGAL AUTHORITY

The legal standard governing Defendant's Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29(c) is set forth in the Government's Opposition to Defendant Isiaka Bolarinwa's Motion for Judgment of Acquittal, which the Government incorporates here. ECF 105 at 2-4.

## III. ARGUMENT

This Court should decline to disturb the jury's verdict with respect to Counts One, Two, Five, Seven, and Eight because the evidence taken in the light most favorable to the government permits the jury finding the Defendant guilty beyond a reasonable doubt on all these counts.

Defendant Bolaji Bolarinwa moves for a judgment of acquittal on two grounds. First, with respect to her conviction on Count II, she adopts Defendant Isiaka Bolarinwa's argument that the Defendants cannot be guilty of forced labor for Victim 2, who they claim, "completed chores as a guest and a niece." ECF 104 at 2. This argument fails for the reasons set forth in the Government's Opposition to Defendant Isiaka Bolarinwa's Motion for Judgment of Acquittal. ECF 105 at 4-12. It is also worth noting that although Defendant Bolaji Bolarinwa relies on the arguments presented by Defendant Isiaka Bolarinwa, much of Defendant Isiaka Bolarinwa's response emphasizes Defendant Bolaji Bolarinwa's relatively greater role in the criminal conduct. ECF 103.

Next, apparently with respect to her convictions on all counts (Counts I, II, V, VII, and VIII), Defendant Bolaji Bolarinwa notes that there "may have" been a violation of a five-year

---

[1] On April 17, 2024, after the government closed its evidence, Defendant made an oral motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. This Court denied the motion by Defendant Bolaji Bolarinwa as to all counts. Trial Transcript 856:8-17.

statute of limitations. ECF 104 at 2. Her argument fails on both substantive and procedural grounds. Substantively, the statute of limitations for all counts of conviction is 10 years. As set forth in Section 3298:

> No person shall be prosecuted, tried, or punished for any non-capital offense or conspiracy to commit a non-capital offense under section . . . 1589 (Forced Labor) . . . or 1592 (Unlawful Conduct with Respect to Documents in furtherance of Trafficking, Peonage, Slavery, Involuntary Servitude, or Forced Labor) of this title or under section 274(a) of the Immigration and Nationality Act ["INA"] unless the indictment is found or the information is instituted **not later than 10 years** after the commission of the offense.

18 U.S.C. § 3298 (emphasis added). Counts I and II are convictions under 18 U.S.C. § 1589, Counts VII and VIII are convictions under 18 U.S.C. § 1592, and Counts V and VI are convictions under § 274(a) of the INA, which is codified in 8 U.S.C. § 1324(a). *See, e.g.*, *Biskupski v. Att'y Gen. of U.S.*, 503 F.3d 274, 278 (3d Cir. 2007) (noting that Section 274(a) of the INA is codified at 8 U.S.C. § 1324(a)); *see also Light v. United States*, No. 21-10932-D, 2021 WL 4303292, at *1 (11th Cir. Aug. 11, 2021) ("Section 3298 of Title 18 of the United States Code provides that non-capital offenses, arising under § 247(a) of the Immigration and Nationality Act ('INA'), are subject to a ten-year statute of limitations. Section 247 of the INA 'is codified at 8 U.S.C. § 1324[.]') Therefore, the statute of limitations applicable to a § 1324(a)(1)(A)(iv) offense is ten years." (internal citations omitted)). Therefore, the statute of limitations applicable to all charges is 10 years. Accordingly, the charges for which the Defendants were tried and convicted are not time-barred because the Indictment was returned within 10 years of the Defendants' criminal conduct.

Defendant Bolaji Bolarinwa's argument regarding the statute of limitations also fails on procedural grounds because a defendant may not raise a statute of limitations defense for the first time in a post-trial motion for judgment of acquittal. *See, e.g.*, *United States v. Ciavarella*, 716 F.3d 705, 733 (3d Cir. 2013) ("[W]e have held, consistent with nearly all of our sister Circuits,

that the statute of limitations is an affirmative defense that will be waived if not properly preserved prior to or during trial."); *United States v. Karlin*, 785 F.2d 90, 92–93 (3d Cir. 1986) ("We hold that in criminal cases the statute of limitations does not go to the jurisdiction of the court but is an affirmative defense that will be considered waived if not raised in the district court before or at trial."); *United States v. Oliva*, 46 F.3d 320, 325 (3d Cir. 1995) (same); *Musacchio v. United States*, 577 U.S. 237 (2016) (holding that a defendant cannot successfully raise a statute-of-limitations defense for the first time on appeal, stating that "[w]hen a defendant fails to press a limitations defense, the defense does not become part of the case and the Government does not otherwise have the burden of proving that it filed a timely indictment").

## CONCLUSION

Defendant Bolaji Bolarinwa was convicted of five counts. Her argument regarding the statute of limitations lacks merit and is procedurally barred. For the reasons set forth in the Government's response to Defendant Isiaka Bolarinwa's motion, Defendant Bolaji Bolarinwa's remaining argument regarding the sufficiency of the evidence on her conviction on Count II for forced labor of Victim 2 also fails. For the reasons stated above, the Court should DENY Defendant Bolaji Bolarinwa's Motion for Judgment of Acquittal.

Dated: May 13, 2024

Respectfully submitted,

PHILIP R. SELLINGER
United States Attorney

*/s/ Jeffrey Bender*
Jeffrey B. Bender
Assistant U.S. Attorney

*/s/ Elizabeth A. Hutson*
Elizabeth A. Hutson
Civil Rights Division Trial Attorney